PLAN SUPPLEMENT

EXHIBIT O

TO

SECOND AMENDED REORGANIZATION PLAN OF
AMERICAN BANKNOTE CORPORATION

SETTLEMENT AGREEMENT AMONG ABN, ABNH,
AND PARTIES TO ABN AND ABNH SECURITIES ACTIONS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
IN RE AMERICAN BANK NOTE               :   99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES     :
LITIGATION                                :
---------------------------------------------------------------- x
IN RE AMERICAN BANKNOTE CORPORATION :   99 Civ. 0661 (CM)
SECURITIES LITIGATION                 :
---------------------------------------------------------------- x
This Document Relates To:               :
ALL CONSOLIDATED ACTIONS       :
---------------------------------------------------------------- x

## GLOBAL STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement dated as of October 24, 2000 (the

"Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject

to the approval of the Court, this Stipulation is entered into among Plaintiffs in In Re American

Banknote Corporation Securities Litigation, 99 Civ. 0661 (CM), Plaintiffs in In Re American

Bank Note Holographics, Inc. Securities Litigation, 99 Civ. 0412 (CM), on behalf of themselves

and the Classes (as hereinafter defined) in each Action, and Defendants American Bank Note

Holographics, Inc. ("Holographics"), American Banknote Corporation ("ABN"), NationsBanc

Montgomery Securities LLC ("NationsBanc"), Lazard Freres & Co. LLC ("Lazard Freres"),

Raymond James & Associates, Inc. ("Raymond James"), and Salomon Smith Barney Holdings

Inc. ("Smith Barney") (collectively, the "Corporate Defendants"), and Morris Weissman

("Weissman"), Joshua C. Cantor ("Cantor"), Richard P. Macchiarulo ("Macchiarulo"), John T.

Gorman ("Gorman") and Patrick J. Gentile ("Gentile") (collectively, the "Individual

Defendants") and Deloitte & Touche LLP ("Deloitte")[1] (the Corporate Defendants, the Individual

---

[1]    "Deloitte" includes their current and former parents, affiliates, related
entities, subsidiaries, divisions, predecessors, successors and assigns, and its current and former

Defendants and Deloitte are collectively referred to hereinafter as the "Defendants"), by and through their respective counsel.

WHEREAS:

A.     Beginning in January 1999, various class actions were initially filed against the  Corporate Defendants, Deloitte and certain of the Individual Defendants (99 Civ. 0412, 99 Civ. 0419, 99 Civ. 0430, 99 Civ. 0432, 99 Civ. 0434, 99 Civ. 0439, 99 Civ. 0444, 99 Civ. 0514, 99 Civ. 0552, 99 Civ. 0565, 99 Civ. 0566, 99 Civ. 0742, 99 Civ. 0794, 99 Civ. 0940, 99 Civ. 1018, 99 Civ. 1019, 99 Civ. 1119, 99 Civ. 1433, 99 Civ. 1762, and 99 Civ. 0688) and against ABN and certain of the  Individual Defendants (99 Civ. 0661, 99 Civ. 1790, and 99 Civ. 0688) in the United States District Court for the Southern District of New York.  On April 9, 1999, the Court consolidated  the Holographics class actions for pretrial purposes and consolidated the ABN class actions for pretrial purposes (respectively, the "Holographics Action" and the "ABN Action," and collectively  the "Actions");

B.     The Consolidated Complaint filed in the ABN Action (the "ABN Complaint") generally alleges, among other things, that  Defendants ABN, Weissman, Gorman, and Gentile issued false and misleading press releases and other statements regarding ABN's financial condition during the ABN Class Period -- May 2, 1996 through and including January 25, 1999 -- in a scheme to inflate artificially the value of ABN's securities;

C.     The ABN Complaint further alleges that Plaintiffs and other ABN Class Members purchased the common stock of ABN during the ABN Class Period at prices

---

employees, partners, principals, members, shareholders, spouses, heirs, estate executors, attorneys and members of their immediate families.

artificially inflated as a result of the dissemination of false and misleading statements regarding ABN by Defendants ABN, Weissman, Gorman, and Gentile in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

D.    The Holographics Consolidated Class Action Complaint filed in the Holographics Action (the "Holographics Complaint") generally alleges, among other things, that: (1) Defendants ABN, Holographics, NationsBanc, Lazard Freres, Raymond James, Smith Barney, Weissman, Cantor and Macchiarulo and Deloitte violated Section 11 of the Securities Act of 1933 in connection with ABNH's issuance of a false and misleading prospectus in connection with the initial public offering of 13,636,000 shares of Holographics common stock at $8.50 per share, on or about July 15, 1998 (the "IPO"); (2) Defendants ABN, Holographics, NationsBanc, Lazard Freres, Raymond James, and Smith Barney violated Section 12(a)(2) of the Securities Act of 1933; (3) Defendants ABN, Weissman, Cantor and Macchiarulo violated Section 15 of the Securities Act of 1933; (4) Defendants ABN, Holographics, Weissman, Cantor and Macchiarulo violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder; and (5) Defendants Weissman, Cantor and Macchiarulo violated Section 20(a) of the Securities Exchange Act of 1934;

E.    The Holographics Complaint further alleges that Plaintiffs and other Holographics Class Members purchased the common stock of Holographics pursuant to or traceable to the IPO during the Holographics Class Period -- July 15, 1998 through and including February 1, 1999 (the "Holographics Class Period") -- and were damaged as a result thereof;

F.    The Holographics Complaint also alleges that the Corporate Defendants, and Individual Defendants Weissman, Cantor and Macchiarulo issued false and misleading press

releases and other statements regarding Holographics' financial condition during the Holographics Class Period in a scheme to inflate artificially the price of Holographics' securities;

G. The Holographics Complaint further alleges that Plaintiffs and other Holographics Class Members purchased the common stock of Holographics during the Holographics Class Period at prices artificially inflated as a result of the dissemination of false and misleading statements regarding Holographics by Defendants ABN, Holographics, Weissman, Cantor and Macchiarulo in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

H. On June 24, 1999, defendants moved to dismiss the ABN Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. On June 23, 1999 certain of the defendants moved to dismiss the Holographics Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. On April 6, 2000, the Court issued a Memorandum Order and Decision Granting ABN's Motion To Dismiss Plaintiffs' Claims Under Section 11 of The Securities Act and Denying All Other Motions To Dismiss;

I. On July 14, 1999, plaintiffs moved to have both Actions certified as class actions under Rule 23 of the Federal Rules of Civil Procedure. Briefing on that motion was stayed pending resolution of defendants' motions to dismiss;

J. The Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted. The Defendants, while contending that they acted properly and lawfully at all times, desire to settle

and terminate plaintiffs' claims so as finally to put to rest any and all claims that were or could have been asserted in the Actions or arising out of the matters set forth in the pleadings, and to avoid the further expense and burdens of continued litigation without in any way acknowledging any fault or liability. The Stipulation and all related documents are not and shall not be construed as an admission by the Defendants of any of the allegations of wrongful conduct or liability or damages alleged in any of the complaints filed in the Actions. The parties to this Stipulation recognize, however, that the litigation has been filed by Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Actions;

K.    Plaintiffs' Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the ABN and Holographics Complaints. Plaintiffs' Counsel have analyzed the evidence adduced during pretrial discovery and have researched the applicable law with respect to the claims of Plaintiffs and the ABN Class and the Holographics Class (the "Classes") against the Defendants and the potential defenses thereto. Plaintiffs' Counsel have also taken into account the ability of the Defendants to pay any judgment that might ultimately be entered in these Actions, especially in light of ABN's bankruptcy, and Holographics' financial condition and in light of certain Defendants' insurer's reservation of rights;

L.    Plaintiffs, by their counsel, have conducted protracted discussions and arm's length negotiations with counsel for Defendants over many months with respect to a compromise and settlement of the Actions with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Classes; and

M.    Plaintiffs and their counsel believe that the claims asserted in the ABN Complaint and Holographics Complaint have merit. In evaluating the proposed Settlement provided for herein, Plaintiffs and their counsel have considered the expense and length of continued proceedings necessary to prosecute the Actions through trial; the uncertainties of the outcome of these complex Actions; the fact that resolution, whenever and however determined, of the claims in the ABN and Holographics Complaints would likely be submitted for appellate review, as a consequence of which it may be many years until there would be a final adjudication of the claims and defenses asserted; the uncertain prospects for ultimately collecting a substantial judgment, and the substantial benefit provided by the proposed Settlement. Plaintiffs and their counsel also considered Deloitte's position that it had been intentionally misled by other parties with respect to matters that were material to its audit of ABNH's financial statements and further considered Deloitte's proposed Crossclaims based upon these allegations. Based upon their investigation and pretrial discovery as set forth above, Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Classes, and in their best interests, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Plaintiffs and the members of the Classes will receive from settlement of the

Actions, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Actions whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

# CERTAIN DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the following meanings:

(a)    "ABN Class" and "ABN Class Members" mean, for the purposes of this Stipulation only, all persons or entities who purchased the common stock of ABN during the period May 2, 1996 through and including January 25, 1999. Excluded from the ABN Class are the Released Parties, members of the immediate family (parents, spouses, siblings, and children) of each of the Individual Defendants, any entity (except Bay Harbour Management L.C. or any investment funds managed by Bay Harbour) with which any Released Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Party. Also excluded from the ABN Class are any putative ABN Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(b)    "ABN Class Period" means, for the purposes of this Stipulation only, the period of time from May 2, 1996 through and including January 25, 1999.

(c)    "ABN Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B-1.

(d)    "ABN Plaintiffs' Co-Lead Counsel" means the law firms of Pomerantz Haudek Block Grossman & Gross LLP and Wechsler Harwood Halebian & Feffer LLP.

(e)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(f)     "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

(g)     "Claims Administrator" means the firm of Gilardi & Co. LLC, or such other firm as Plaintiffs' Co-Lead Counsel shall designate, which shall administer the Settlement.

(h)     "Classes" and "Class Members" mean, collectively, the ABN Class and the Holographics Class and the ABN Class Members and Holographics Class Members in the ABN and Holographics Actions.

(i)     "Court" means the United States District Court for the Southern District of New York.

(j)     "Defendants" means ABN, Holographics, Weissman, Gorman, Gentile, Cantor, Macchiarulo, NationsBanc, Lazard Freres, Raymond James, Smith Barney and Deloitte.

(k)     "Defendants' Counsel" means the law firms of Fulbright & Jaworski L.L.P. for Defendant Holographics; Morgan, Lewis & Bockius LLP for Defendants ABN, Gorman and Gentile; Weil, Gotshal & Manges LLP for Defendant Weissman; Stillman & Friedman, P.C. for Defendant Cantor; Morvillo, Abramowitz, Grand, Iason & Silberberg for Defendant Macchiarulo; Wilson Sonsini Goodrich & Rosati for Defendants NationsBanc, Lazard Freres, Raymond James and Smith Barney; and Mayer, Brown & Platt for Defendant Deloitte.

(l)     "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 25 below.

(m)    "Holographics Class" and "Holographics Class Members" mean, for the purposes of this Stipulation only, all persons or entities who purchased the common stock of Holographics during the period July 15, 1998 through and including February 1, 1999. Excluded from the Holographics Class are the Released Parties, members of the immediate family (parents, spouses, siblings, and children) of each of the Individual Defendants, any entity with which any Released Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Party. Also excluded from the Holographics Class are any putative Holographics Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(n)    "Holographics Class Period" means, for the purposes of this Stipulation only, the period of time from July 15, 1998 through and including February 1, 1999.

(o)    "Holographics Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B-2.

(p)    "Holographics Plaintiffs' Co-Lead Counsel" means the law firms of Entwistle & Cappucci LLP, Milberg Weiss Bershad Hynes & Lerach LLP and Wolf Popper LLP.

(q)    "Notice" means the Notice of Pendency of Class Actions, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund, which is to be sent to members of the Classes substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(r) "Orders and Final Judgments" means the ABN Order and Final Judgment and the Holographics Order and Final Judgment to be entered in the ABN Action and the Holographics Action, respectively, approving the Settlement substantially in the forms attached hereto as Exhibits B-1 and B-2

(s) "Plan of Reorganization" means ABN's Amended Reorganization Plan of American Banknote Corporation, in the United States Bankruptcy Court for the Southern District of New York, Chapter 11, Case No. 99 B 11577 (PCB).

(t) "Preliminary Order In Connection With Settlement Proceedings" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Classes substantially in the form attached hereto as Exhibit A.

(u) "Plaintiffs' Co-Lead Counsel" means Holographics Plaintiffs' Co-Lead Counsel and ABN Plaintiffs' Co-Lead Counsel.

(v) "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and all of the other attorneys representing Plaintiffs listed at the end of this Stipulation.

(w) "Publication Notice" means the Summary Notice of Pendency of Class Actions, Proposed Settlement and Settlement Hearings for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(x) "Released Defendants" means Defendants Holographics, ABN, Weissman, Cantor, Macchiarulo, NationsBanc, Lazard Freres, Raymond James, Smith Barney, Gorman, Gentile and Deloitte, their current and former parents, affiliates, related entities, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers,

directors, employees, partners, principals, members, shareholders, spouses, heirs, estate executors, attorneys and members of their immediate families.

(y) "Released Directors and Officers" means all persons, other than the Released Defendants, who were directors and/or officers of: (i) Holographics at any time during the period from and including July 15, 1998 through and including February 1, 1999, or (ii) ABN at any time during the period from and including May 2, 1996 through and including January 25, 1999, and their spouses and other members of their immediate families, their heirs, estates, executors, and attorneys.

(z) "Released Parties" means the Released Defendants and the Released Directors and Officers.

(aa) "Released ABN Defendants" means Defendants ABN, Weissman, Gorman and Gentile their current and former parents, affiliates, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees , shareholders, spouses, heirs, estates, executors, attorneys and members of their immediate families, in their capacities as such.

(ab) "Released ABN Directors and Officers" means all persons, other than the Released ABN Defendants, who were directors and/or officers of ABN at any time during the period from and including May 2, 1996 through and including January 25, 1999.

(ac) "Released ABN Parties" means the Released ABN Defendants and the Released ABN Directors and Officers and Deloitte, their current and former parents, affiliates, related entities, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees, partners, principals, members, shareholders,

spouses, heirs, estate executors, attorneys and members of their immediate families, in their capacities as such.

(ad)     "Released Holographics Defendants" means Defendants Holographics, ABN, Weissman, Cantor, Macchiarulo, NationsBanc, Lazard Freres, Raymond James, Smith Barney and Deloitte, their current and former parents, affiliates, related entities, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees, partners, principals, members, shareholders, spouses, heirs, estates, executors, attorneys and members of their immediate families, in their capacities as such.

(ae)     "Released Holographics Directors and Officers" means all persons, other than the Released Holographics Defendants, who were directors and/or officers of Holographics at any time during the period from and including July 15, 1998 through and including February 1, 1999.

(af)     "Released Holographics Parties" means the Released Holographics Defendants and the Released Holographics Directors and Officers.

(ag)     "Settled Claims" means all claims, including both known and Unknown Claims, whether direct or derivative, that Plaintiffs in each Action and Class Members in each Action have and may have against any of the Released Parties and any insurer of any Released Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of (a) the common stock of Holographics during the Holographics Class Period, or (b) the common stock of ABN during the ABN Class Period, or in any way connected with (1) any acts or omissions or failure to act during the Holographics Class Period or the ABN Class Period which are or could have been  alleged or referred to in either of the Actions, or (2) the adequacy

of disclosure or the filing of or failure to file with the Securities and Exchange Commission or any other governmental agency at any time during the Holographics Class Period or the ABN Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the Holographics Class Period or the ABN Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act occurring during the Holographics Class Period or the ABN Class Period, concerning, in each case, any common stock of Holographics or ABN or the business operations, transactions, financial operations or condition or operational or financial prospects of Holographics or ABN. Settled Claims means and includes both the Settled ABN Claims and the Settled Holographics Claims.

(ah) "Settled ABN Claims" means all claims, including both known claims and Unknown Claims, whether direct or derivative, that Plaintiffs in the ABN Action and members of the class in the ABN Action have and may have against any of the Released ABN Parties and any insurer of any Released ABN Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of the common stock of ABN during the ABN Class Period, or in any way connected with (1) any acts or omissions or failure to act during the ABN Class Period which are or could have been alleged or referred to in the ABN Action, or (2) the adequacy of disclosure or the filing of or failure to file with the Securities and Exchange Commission or any other governmental agency at any time during the ABN Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the ABN Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act occurring during the ABN Class Period, concerning, in each

case, any common stock of ABN or the business operations, transactions, financial operations or condition or operational or financial prospects of ABN.

(ai)     "Settled Holographics Claims" means all claims, including both known claims and Unknown Claims, whether direct or derivative, that Plaintiffs in the Holographics Action and members of the class in the Holographics Action have and may have against any of the Released Holographics Parties and any insurer of any Released Holographics Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of the common stock of Holographics during the Holographics Class Period, or in any way connected with (1) any acts or omissions or failure to act during the Holographics Class Period which are or could have been alleged or referred to in the Holographics Action, or (2) the adequacy of disclosure or the filing of or failure to file with the Securities and Exchange Commission or any other governmental agency at any time during the Holographics Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the Holographics Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act occurring during the Holographics Class Period, concerning, in each case, any common stock of Holographics or the business operations, transactions, financial operations or condition or operational or financial prospects of Holographics.

(aj)     "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Actions or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or

their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Actions.

      (ak)    "Settlement" means the settlement contemplated by this Stipulation.

      (al)    "Unknown Claims" means (i) any and all claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and (ii) any claims which any Defendant does not know or suspect to exist in his, her or its favor, at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Orders and Final Judgments shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Actions as against the  Defendants and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.      (a)      Upon the Effective Date of this Settlement, Plaintiffs and members of the Classes on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

(b)      Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and, to the extent the Defendants have the authority to do so, the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

## THE SETTLEMENT CONSIDERATION

4.      (a)      National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), on behalf of the Released Parties other than Deloitte, has paid into an interest-bearing escrow account for the benefit of Plaintiffs and the Classes a total of $12,500,000 (the "National Union Cash Settlement Amount").

(b)      In addition, Defendants ABN and Holographics shall each deliver the securities as described below in subparagraphs i) and ii) (the "Settlement Securities") for the benefit of the Classes upon Plaintiffs' Co-Lead Counsel's instructions.  Defendant Holographics

shall provide its counsel's certification that the Settlement Securities to be issued by Holographics are exempt from registration and are therefore freely tradeable (the shares issuable pursuant to the Warrants shall be registered as soon as reasonably practicable). Defendant ABN shall deliver to Plaintiffs' Co-Lead Counsel a certified copy of the Order confirming the Plan of Reorganization pursuant to which the ABN Settlement Securities are exempt from registration pursuant to Section 1145 of the Bankruptcy Code. Defendants ABN and Holographics agree to issue and deliver such Settlement Securities on the instructions of Plaintiffs' Co-Lead Counsel, in whole or in part and from time to time as instructed by Plaintiffs' Co-Lead Counsel, in accordance with clauses i) and ii) of this paragraph 4(b). The Settlement Securities to be issued by Holographics shall also be appropriately adjusted to account for any stock splits or the issuance of Holographics shares (but, with respect to the issuance of shares by Holographics, only as provided in clause ii) of this paragraph 4(b)) that have not been authorized as of June 23, 2000. As of June 23, 2000 and until the Settlement Securities are actually distributed, the Settlement Securities to be issued by Holographics shall be treated the same as all other issued and outstanding shares of Holographics common stock as of the date hereof, including in the event of any merger or sale of Holographics, or sale or distribution of all or substantially all of Holographics's assets, or other extraordinary event affecting the capital structure of Holographics; provided, however, that none of the Settlement Securities shall have any voting rights before delivery thereof in accordance with clauses i) and ii) of this paragraph 4(b).

        i)      After the later of (a) final Court approval of the Settlement and (b) approval of the Plan of Reorganization by the Bankruptcy Court and the Consummation Date (as defined in the Plan of Reorganization) shall have occurred, and promptly after Plaintiffs' Co-

Lead Counsel provide Defendant ABN instructions for such delivery, Defendant ABN shall

deliver for the benefit of the Classes certificates representing in total forty percent of the Equity

Reserve (as defined in the Plan of Reorganization)[2], as directed by Plaintiffs' Co-Lead Counsel.

              ii)     A)     After final Court approval of the Settlement, and promptly

after Holographics Plaintiffs' Co-Lead Counsel provide Defendant Holographics instructions for

such delivery, Defendant Holographics shall deliver, for the benefit of the Holographics Class,

certificates representing in total 1,460,000 shares of Holographics common stock as directed by

Holographics Plaintiffs' Co-Lead Counsel, which number shall be subject to adjustment solely in

the following circumstances. The parties acknowledge the occurrence of a sale of Holographics

common stock whereby a certain investor purchased approximately 3,387,720 shares of

Holographics common stock for a total consideration of $9,316,230. Solely in the event that

other investors (other than the party described above) purchase common stock of Holographics

prior to the distribution of the Settlement Securities, and pay consideration greater than $10

million in the aggregate (the "Transaction(s)"), Holographics shall increase the number of shares

of common stock to be issued to the Holographics Class such that the Holographics Class will

hold the same percentage of the total outstanding shares after the Transaction(s) as it held

immediately prior to the Transaction(s).

---

    [2]     The Plan of Reorganization also provides for the establishment of a
Securities Claim Reserve consisting of five (5%) percent of the portion of the Equity Reserve
allocable to the Classes, for distribution to persons who would be Class Members but who (i)
exclude themselves from the Classes, (ii) timely filed proofs of claim in ABN's chapter 11 case,
and (iii) whose ABN bankruptcy claims are ultimately allowed by order of the Bankruptcy court
after completion of a claims objection process in the Bankruptcy Court. The Securities Claim
Reserve, or a portion thereof, will be distributed to the Classes based on the Plan of Allocation,
in the event that any securities remain in the Equity Reserve following completion of the claims
objection process.

B)     After final court approval of the Settlement, and promptly after Holographics Plaintiffs' Co-Lead Counsel provide Defendant Holographics instructions for such delivery, Defendant Holographics shall issue, for the benefit of the Holographics Class, Common Stock Purchase Warrants (the "Warrants") to purchase 863,647 shares of common stock at an exercise price of $6.00 per share. The Warrants, and the shares issuable upon exercise of the Warrants, will be reserved for issuance at the time of execution of a Settlement Agreement. The exercise price and the number of warrants to be issued will be adjusted to reflect any stock dividends and stock splits declared on the underlying shares. No other adjustments to the terms of the Warrants will be made. The Warrant holders shall each have the right, subject only to compliance with applicable federal and state securities laws, at any time during a two-year and six month period commencing with final settlement approval by the Court (the "Exercise Period") to purchase from Holographics up to the number of common shares which the Warrant holder may at the time be entitled to purchase. Holographics will provide Holographics Plaintiffs' Co-Lead Counsel with a written opinion letter setting forth the market value of the Warrants. Holographics shall reserve, and shall at all times, so long as any Warrant remains outstanding, keep reserved, out of its authorized and unissued capital stock, such number of shares of common stock as shall be subject to purchase under the Warrants – said shares to be registered as soon as reasonably practicable, freely tradeable and to have the same rights as the company's existing common shares.

(c)     Within twenty days from the date hereof, Deloitte shall pay $2,350,000 into an interest-bearing escrow account for the benefit of the Holographics Class (the "Deloitte Settlement Amount").

(d)     The National Union Cash Settlement Amount and any interest earned

thereon, the Settlement Securities and the Deloitte Settlement Amount and any interest earned

thereon, shall be the Gross Settlement Fund.

5.     (a)     The Gross Settlement Fund, net of any Taxes (as defined below) on the

income thereof, shall be used to pay (i) the costs of notice and administration referred to in ¶ 8

hereof, (ii) the attorneys' fee and expense award referred to in ¶ 9 hereof, and (iii) the remaining

administration expenses referred to in ¶ 10 hereof.  The balance of the Gross Settlement Fund

after the above payments shall be the Net Settlement Fund which shall be distributed to the

Authorized Claimants as provided in ¶¶ 12-14 hereof.  Any sums required to be held in escrow

hereunder prior to the Effective Date shall be held by Entwistle & Cappucci LLP, Milberg Weiss

Bershad Hynes & Lerach LLP and Pomerantz Haudek Block Grossman & Gross LLP as Escrow

Agents for the Gross Settlement Fund.  No funds shall be distributed from the Gross Settlement

Fund without the prior written consent of all three Escrow Agents.  All funds held by the Escrow

Agents shall be deemed to be in the custody of the Court and shall remain subject to the

jurisdiction of the Court until such time as the funds shall be distributed or returned to National

Union and Deloitte pursuant to this Stipulation and/or further order of the Court.  The Escrow

Agents shall invest any funds in excess of $100,000 in short term United States Agency or

Treasury Securities, and shall collect and reinvest all interest accrued thereon. Any funds held in

escrow in an amount of less than $100,000 may be held in an interest bearing bank account

insured by the FDIC.  The parties hereto agree that the Settlement Fund is intended to be a Quali-

fied Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow

Agents, as administrators of the Settlement Fund within the meaning of Treasury Regulation

§1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Counsel for Defendants agree to provide promptly to the Escrow Agents the statement described in Treasury Regulation § 1.468B-3(e).

        (b)     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agents without prior Order of the Court.

        6.     (a)     Each of ABN and ABNH shall cooperate with Plaintiffs' Co-Lead Counsel by giving information orally, whether in the form of deposition or informal interview, to be confirmed by sworn affidavit if requested, and through the production of documents relevant to Plaintiffs' claims as confirmatory discovery in these settled Actions. Deloitte shall cooperate with Plaintiffs' Co-Lead Counsel by producing documents for inspection relevant to Plaintiffs' claims as confirmatory discovery in these settled Actions. It is an express condition of this Settlement that the Corporate Defendants do not assert any privileges barring and specifically assent to and will facilitate Plaintiffs' Co-Lead Counsel's meeting with Special Counsel to the Audit Committee of Holographics, Kramer, Levin, Naftalis & Frankel ("Kramer Levin"), and receiving documents and testimony (or interviews) from Kramer Levin concerning the facts underlying the Actions.

        (b)     Each of the Individual Defendants, as an express condition of this Settlement, shall cooperate with Plaintiffs' Co-Lead Counsel by producing non-privileged

documents relevant to Plaintiffs' claims in the Actions. The Settlement shall in no way impair Plaintiffs' rights under the Federal Rules of Civil Procedure or applicable case law to seek discovery of the Individual Defendants.

## ADMINISTRATION

7. The Claims Administrator shall administer the Settlement under Plaintiffs' Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as stated in ¶ 15 hereof, National Union and Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Classes in connection with such administration. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing all information from Holographics' and ABN's transfer records concerning the identity of Class Members and their transactions.

8. Subject to the terms of paragraph 5(a), Plaintiffs' Co-Lead Counsel may pay from the National Union Cash Settlement Amount and from the Deloitte Settlement Amount the reasonable costs and expenses associated with the administration of the Settlement, including without limitation, the costs of identifying members of the Classes and effecting the Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Proof of Claim, reimbursements to nominee owners for forwarding the Notice and Proof of Claim to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## ATTORNEYS' FEES AND EXPENSES

9.     The award of attorneys' fees and expenses to Plaintiffs' Counsel is not a necessary term of this Stipulation and it is not a condition of this Stipulation or the Settlement of the Actions that any such award be made by the Court. Plaintiffs' Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed one-third (33 ⅓%) of the Gross Settlement Fund and reimbursement of expenses, plus interest. Such attorneys' fees, expenses, and interest as are awarded by the Court shall be paid from the Gross Settlement Fund to Plaintiffs' Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Gross Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

## ADMINISTRATION EXPENSES

10.     Plaintiffs' Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

11.     The Claims Administrator shall determine each Authorized Claimant's pro rata

share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as

defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit

A, or in such other Plan of Allocation as the Court approves).

12.     The Plan of Allocation proposed in the Notice is not a necessary term of this

Stipulation and it is not a condition of this Stipulation that that Plan of Allocation be approved.

13.     Each Authorized Claimant shall be allocated pro rata shares of the Net Settlement

Fund in cash and securities as may be applicable, based on his or her Recognized Claim

compared to the total Recognized Claims of all accepted claimants. This is not a claims-made

settlement. The Defendants shall not be entitled to get back any of the settlement monies or

securities once the Settlement becomes final. The Defendants shall have no involvement in

reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

14.     Any member of either Class who does not submit a valid Proof of Claim will not

be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the Orders

and Final Judgments to be entered in the Actions and the releases provided for herein, and will be

barred from bringing any action against the Released Parties concerning the Settled Claims.

15.     Plaintiffs' Co-Lead Counsel shall be responsible for supervising the

administration of the Settlement and disbursement of the Net Settlement Fund by the Claims

Administrator. Except for their obligation to deliver the Settlement Securities as provided in

paragraph 4(b) and to cooperate in the production of information with respect to the identification of Class Members from corporate shareholder transfer records, National Union and Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Plaintiffs' Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

16.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as Plaintiffs' Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail, postage prepaid, and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Co-Lead Counsel, who shall determine in

accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claims submitted. The Claims Administrator, under supervision of Plaintiffs' Co-Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Co-Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

17.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Actions or Settlement in connection with processing of the Proofs of Claim.

18.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members who fail to submit a Proof of Claim or whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Orders and Final Judgments to be entered in the Actions and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

19.     All proceedings with respect to the administration, processing and determination of claims described by ¶ 16 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

20.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all

appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## TERMS OF PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

21. Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel and Defendants' Counsel jointly shall apply to the Court for entry of the Preliminary Order In Connection With Settlement Proceedings, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDERS AND FINAL JUDGMENTS

22. If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter the ABN Order and Final Judgment and the Holographics Order and Final Judgment substantially in the forms annexed hereto as Exhibit B-1 and B-2.

## SUPPLEMENTAL AGREEMENT

23. Simultaneously herewith, Plaintiffs' Co-Lead Counsel and Counsel for Defendants Holographics and Deloitte are executing "Supplemental Agreements" setting forth certain conditions under which either of Defendant Holographics or Deloitte may, respectively, withdraw from this Stipulation and terminate their rights and responsibilities thereunder, if potential Holographics Class Members who purchased in excess of a certain number shares of Holographics common stock traded during the Holographics Class Period exclude themselves from the Holographics Class. The Supplemental Agreements shall not be filed prior to the Settlement Fairness Hearing unless a dispute arises as to its terms. In the event of a withdrawal from this Stipulation pursuant to the Holographics Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect with respect to all Defendants

except Deloitte, and the provisions of ¶ 27 shall apply, except with respect to Deloitte. In the event of a withdrawal from this Stipulation pursuant to the Deloitte Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect with respect to Deloitte only, and the provisions of ¶ 27 shall apply with respect to Deloitte only. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Defendant Holographics or Defendant Deloitte to exercise its option to withdraw from the Stipulation pursuant to the Supplemental Agreements until the conditions set forth in the Supplemental Agreement have been satisfied. Nothing in this ¶ 23 shall be deemed to in any way alter, amend or modify any of the provisions of ¶ 29.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

24.     The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)     entry of the Preliminary Order In Connection With Settlement Proceedings in all material respects in the form annexed hereto as Exhibit A;

(b)     approval by the Court of the Settlement, following notice to the Classes and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c)     entry of an Order of the Bankruptcy Court confirming the Plan of Reorganization; and

(d)     entry by the Court of the ABN Order and Final Judgment, and the Holographics Order and Final Judgment in all material respects in the forms set forth in Exhibits B-1 and B-2 annexed hereto, and the expiration of any time for appeal or review of such Orders and Final Judgments, or, if any appeal is filed and not dismissed, after both such Orders and

Final Judgments are upheld on appeal in all material respects and are no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

25.     Defendants' Counsel or Plaintiffs' Co-Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Order In Connection With Settlement Proceedings in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Bankruptcy Court's refusal to confirm the Plan of Reorganization; (d) the Court's declining to enter either or both of the Orders and Final Judgments in any material respect; (e) the date upon which one or both of the Orders and Final Judgments is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (f) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

26.     In the event that, after the later of (a) final Court approval of the Settlement and (b) entry of an Order of the Bankruptcy Court confirming the Plan of Reorganization and the occurrence of the Consummation Date (as defined in the Plan of Reorganization), there is any non-delivery by Defendants ABN and Holographics of any of the securities required to be delivered hereunder within twenty (20) business days after Plaintiffs' Co-Lead Counsel furnishes directions for such delivery to Defendants' Counsel, then Plaintiffs' Co-Lead Counsel shall have

the right to enter a consent judgment against Defendants ABN and/or Holographics for specific performance requiring delivery of such securities, in addition Plaintiffs and either or both of the Classes shall be entitled to monetary damages resulting from such delayed delivery including any loss in market value of the securities from the date immediately prior to the date Plaintiffs' Co-Lead Counsel furnished directions for such delivery to the date such securities are actually delivered. In the event of such delayed delivery, Holographics' Plaintiffs' Co-Lead Counsel and/or ABN Plaintiffs' Co-Lead Counsel, as the case may be, shall deliver a written demand for a stated amount of such damages to counsel for ABN and/or counsel for Holographics, as the case may be. If ABN and/or Holographics agree to the demand, then the demanded amount shall be paid within ten (10) business days of the demand. If ABN and/or Holographics do not agree, then within ten (10) business days of the demand, they shall deliver a written statement of the amount, if any, that they believe Plaintiffs should be entitled to. If Holographics' Plaintiffs' Co-Lead Counsel and/or ABN Plaintiffs' Co-Lead Counsel, as the case may be, accept the amount stated by ABN and/or Holographics they shall deliver a written acceptance to ABN and/or Holographics, and ABN and/or Holographics shall pay the stated amount within ten (10) business days of the acceptance. If Holographics' Plaintiffs' Co-Lead Counsel and/or ABN Plaintiffs' Co-Lead Counsel, as the case may be, do not accept the amount stated by ABN and/or Holographics they shall be entitled to bring an action at law for such damages, and in the event they obtain a judgment for damages in an amount more than the amount ABN and/or Holographics stated plaintiffs should be entitled to in their written statement, then plaintiffs shall be entitled to recover their attorneys fees and expenses of that action in addition to such damages.

27. Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Actions as of June 23, 2000 and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and the National Union Cash Settlement Amount and the Deloitte Settlement Amount, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the National Union Cash Settlement Amount and the Deloitte Settlement Amount shall be returned to National Union and Deloitte, respectively, and any Settlement Securities that have been delivered shall promptly be returned to ABN and/or Holographics.

## NO ADMISSION OF WRONGDOING

28. This Stipulation, and all negotiations and papers related to it, and any proceedings taken pursuant to it whether or not the Settlement is consummated:

(a) shall not be offered or received against the Defendants or against the Plaintiffs or the Classes as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by any of the Plaintiffs or the Classes with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to

any statement or written document approved or made by any Defendant, or against the Plaintiffs

and the Classes as evidence of any infirmity in the claims of Plaintiffs and the Classes;

(c)     shall not be offered or received against the Defendants or against the

Plaintiffs or the Classes as evidence of a presumption, concession or admission with respect to

any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as

against any of the parties to this Stipulation, in any other civil, criminal or administrative action

or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants

may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Defendants or the Plaintiffs and the

Classes as an admission or concession that the consideration to be given hereunder represents the

amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission,

concession or presumption against Plaintiffs or the Classes or any of them that any of their

claims are without merit or that damages recoverable under the Complaints would not have

exceeded the Settlement Fund.

## BAR ORDER

29.     It is an express condition of this Stipulation that each of the ABN Order and Final

Judgment and the Holographics Order and Final Judgment shall provide that all claims of any

nature whatsoever, whether arising under federal, state, local, statutory or common law or any

other law, equitable principle, rule or regulation, including both known and Unknown Claims,

against the Released Parties and/or National Union by any party to either of the Actions, which

are based upon or in any way relate to or arise out of the alleged facts underlying the Settled

Claims, the Actions or the Settlement, are forever barred and the filing of any such claim,

whether in either of the Actions or in any other court, arbitration, administrative agency or

proceeding in any other forum shall be enjoined. It is an express condition of this Stipulation that

the Orders and Final Judgments provide that (i) any claims of any nature whatsoever, whether

arising under federal, state, local, statutory or common law or any other law, equitable principle,

rule or regulation, including both known and Unknown Claims, that Deloitte may have against

any other Released Party relating in any way to the alleged facts underlying the claims asserted

or which could have been asserted in either of the ABN and Holographics Actions, including,

without limitation, all claims alleged or which could have been asserted in Deloitte's proposed

Amended Answer and Crossclaim, and (ii) that any such claims that any other Released Party

*or which could have been asserted*

may have against Deloitte relating to the claims asserted in either of the ABN and Holographics

Actions of any nature whatsoever, whether arising under federal, state, local, statutory or

common law or any other law, equitable principle, rule or regulation, including both known and

Unknown Claims, shall be released by the Orders and Final Judgments.

## MISCELLANEOUS PROVISIONS

30.     All of the exhibits attached hereto are hereby incorporated by reference as though

fully set forth herein.

31.     Each Defendant, except ABN, warrants as to himself, herself or itself that, as to

the payments made by or on behalf of him, her or it, at the time of such payment that the

Defendant made or caused to be made pursuant to ¶ 4 above, he, she or it was not insolvent, nor

did, nor will the payment required to be made by or on behalf of him, her or it render such

Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by each such Defendant and not by such Defendant's Counsel.

32.    If a case is commenced in respect of any Defendant, other than ABN, under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by other Defendants, then, at the election of Plaintiffs' Co-Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Orders and Final Judgments entered in favor of the Defendants pursuant to this Stipulation, which releases and Orders and Final Judgments shall be null and void, and the parties shall be restored to their respective positions in the litigation as of June 23, 2000 and any cash amounts in the Gross Settlement Fund shall be returned as provided in ¶ 28 above.

33.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims. Accordingly, Plaintiffs and the Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendants in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Actions. The parties agree that the amount paid and the other terms

of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

34.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

35.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

36.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

37.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

38.    This Stipulation and its exhibits and the Supplemental Agreements constitute the entire agreement among the parties hereto concerning the Settlement of the Actions, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Agreements other than those contained and memorialized in such documents.

39.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

40.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

41.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

42.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

43.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

44.     Plaintiffs' Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Order In Connection With Settlement Proceedings, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court and as necessary, the Bankruptcy Court, of the Settlement.

DATED:  October__, 2000

**ENTWISTLE & CAPPUCCI LLP**


By:_____
    Vincent R. Cappucci (VRC-6864)
    William S. Gyves (WSG-2770)
400 Park Avenue
New York, New York 10022
(212) 894-7200

**MILBERG WEISS BERSHAD
  HYNES & LERACH LLP**


By:_____
    George A. Bauer III (GB-2919)
    Deborah Clark-Weintraub (DCW-6877)
    Ariana J. Tadler (AT-0452)
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

**WOLF POPPER LLP**


By:_____
    Stephen D. Oestreich (SDO-8933)
    Peter G.A. Safirstein (PS-6176)
845 Third Avenue
New York, New York 10022
(212) 759-4600

**Holographics Plaintiffs' Co-Lead Counsel**

**LOWEY, DANENBERG,**
**BEMPORAD & SELINGER, P.C.**
  Richard Bemporad (RB-8778)
  Jill Rosell (JR-4960)
The Gateway - 11th Floor
One North Lexington Avenue
White Plains, New York  10601-1714
(914) 997-0500

**Holographics Plaintiffs' Liaison Counsel**

**ABBEY, GARDY & SQUITIERI, LLP**
  Mark C. Gardy
212 East 39th Street
New York, New York  10016
(212) 889-3700

**BARRACK RODOS & BACINE**
  Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
(215) 963-0600

**BERGER & MONTAGUE, P.C.**
  Sherri R. Savett
1622 Locust Street
Philadelphia, Pennsylvania  19103
(215) 875-3000

**BERMAN DeVALERIO & PEASE**
  Jeffrey C. Block
1 Liberty Square, 8th Floor
Boston, Massachusetts  02109
(617) 542-8300

**BERNSTEIN LIEBHARD**
**& LIFSHITZ, LLP**
  Mel E. Lifshitz
10 East 40th Street
New York, New York  10016
(212) 779-1414

**BERNSTEIN LITOWITZ**
**BERGER & GROSSMANN LLP**
Daniel L. Berger
1285 Avenue of the Americas
New York, New York 10022
(212) 554-1400

**BRAGER WEXLER EAGEL &**
**MORGENSTERN, LLP**
Peter D. Morganstern
900 Third Avenue
New York, New York 10022
(212) 308-5858

**FARROW, BRAMSON,**
**BASKIN & PLUTZIK**
Alan R. Plutzik
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
(925) 945-0200

**FARUQI AND FARUQI**
Nadeem Faruqi
415 Madison Avenue
New York, New York 10017
(212) 983-9331

**FINKELSTEIN THOMPSON**
**& LOUGHRAN**
Burton H. Finkelstein
The Foundry Building
Suite 601
1055 Thomas Jefferson Street, N.W.
Washington, DC 20007
(202) 337-8000

**GOODKIND LABATON**
**RUDOFF & SUCHAROW**
Jonathan M. Plasse
100 Park Avenue
New York, New York 10017
(212) 907-0700

**HEINS, MILLS & OLSON**
    Stacey L. Mills
700 Norstar East
608 Second Avenue South
Minneapolis, Minnesota 55402
(612) 338-4605

**HOFFMAN & EDELSON**
    Marc H. Edelson
45 West Court Street
Doylestown, Pennsylvania 18901
(215) 230-8043

**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
    Gary S. Graifman
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977-6216
(914) 356-3570

**LAW OFFICES OF**
**JAMES V. BASHIAN, P.C.**
    James V. Bashian
500 Fifth Avenue, Suite 2700
New York, New York 10110
(212) 921-4110

**LAW OFFICES OF LEO W. DESMOND**
    Leo W. Desmond
2161 Palm Beach Lakes Boulevard
Suite 204
West Palm Beach, Florida 33409
(561) 712-8000

**LAW OFFICES OF BERNARD M. GROSS**
    Deborah R. Gross
1500 Walnut Street, Suite 620
Philadelphia, Pennsylvania 19102
(215) 561-3600

Doc#: 115158 Ver#:4 2729:1368

**MAGER & WHITE, P.C.**
Ann D. White
Robert Eisler
The Pavillon
261 Old York Road, Suite 810
Jenkintown, Pennsylvania 19046
(215) 481-0273

**LOCKRIDGE GRINDAL**
**NAUEN P.L.L.P.**
Richard A. Lockridge
Karen M. Hanson
2200 Washington Square
100 Washington Avenue South
Minneapolis, Minnesota 55401
(612) 339-6900

**MILLER FAUCHER**
**CAFFERTY AND WEXLER**
Marvin A. Miller
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
(312) 782-4880

**PASTERNAK, FELDMAN**
**& PLUTNICK, P.A.**
Steven Plutnick
Eisenhower Plaza South
70 South Orange Avenue, Suite 245
Livingston, New Jersey 07039
(973) 994-7900

**RABIN & PECKEL LLP**
Brian Murphy
275 Madison Avenue
34th Floor
New York, NY 10016
(212) 682-1818

**SAVETT FRUTKIN PODELL & RYAN, P.C.**
Barbara Podell
325 Chestnut Street, Suite 700
Philadelphia, Pennsylvania 19106
(215) 923-5400

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Three Bala Plaza East
Bala Cynwyd, Pennsylvania 19004
(610) 667-7708

**SCHOENGOLD & SPORN, P.C.**
233 Broadway
New York, New York 10279
(212) 964-0046

**SCHUBERT & REED LLP**
Robert C. Schubert
Two Embarcadero Center, Suite 1050
San Francisco, California 94111
(415) 788-4220

**STULL, STULL & BRODY**
Jules Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & YOURMAN**
Joseph H. Weiss
551 5th Avenue, Suite 1600
New York, NY 10176
(212) 682-3025

**ZWERLING, SCHACHTER
& ZWERLING, LLP**
Richard A. Spears
767 Third Avenue
New York, New York 10017
(212) 223-3900

**Holographics Plaintiffs' Counsel**

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**

By:_____
    Stanley M. Grossman (SG-4544)
    Patrick V. Dahlstrom (PD-5328)
    Linda P. Nussbaum (LN-9336)
    Robert J. Axelrod
100 Park Avenue, 26th Floor
New York, New York 10017
(212) 661-1100

**WECHSLER HARWOOD
HALEBIAN & FEFFER LLP**

By:_____
    Stuart D. Wechsler (SW-4381)
    Frederick W. Gerkins, III (FG 7595)
488 Madison Avenue
New York, New York 10022
(212) 935-7400

**ABN Plaintiffs' Co-Lead Counsel**

**LAW OFFICES OF
LAWRENCE G. SOICHER**
    Lawrence G. Soicher
342 Madison Avenue
New York, New York 10173
(212) 883-8000

**LAW OFFICES OF MARC S. HENZEL**
    Marc S. Henzel
210 West Washington Square
Philadelphia, PA 19106
(215) 625-9999

**ABN Plaintiffs' Counsel**

Doc#: 115158 Ver#:4 2729:1368

**FULBRIGHT & JAWORSKI L.L.P.**

By:_____
    James Nespole (JN-9015)
    Edward Dolido (ED-4084)
666 Fifth Avenue
New York, New York 10103-3198
(212) 318-3000

**Attorneys for Defendant American Bank Note
Holographics, Inc.**


**MORGAN, LEWIS & BOCKIUS LLP**


By:_____
    Kevin T. Rover (KR-5629)
101 Park Avenue
New York, New York 10178
(212) 309-6000

**Attorneys for Defendants American Banknote
Corporation, John T. Gorman, and Patrick J.
Gentile**


**WEIL, GOTSHAL & MANGES LLP**


By:_____
    Miranda S. Schiller (MS-9456)
    Haron W. Murage (HM-5783)
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

**Attorneys for Defendant Morris Weissman**

**STILLMAN & FRIEDMAN, P.C.**

By:_____
   James A. Mitchell (JM-4150)
425 Park Avenue, 22nd Floor
New York, New York 10022
(212) 223-0200

**Attorneys for Defendant Joshua C. Cantor**

**MORVILLO, ABRAMOWITZ, GRAND
  IASON & SILBERBERG**

By:_____
   Barry A. Bohrer
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

**Attorneys for Defendant Richard P.
Macchiarulo**

**WILSON SONSINI GOODRICH & ROSATI**

By:_____
   Boris Feldman
650 Page Mill Road
Palo Alto, California 94304-1050
(650) 493-9300

**LAYTON BROOKS & HECHT LLP**

By:_____
    Robert W. Gaffey
400 Park Avenue
New York, New York 10022
(212) 980-8500

**Attorneys for Defendants NationsBanc
Montgomery Securities LLC, Lazard Freres &
Co. LLC, Raymond James & Associates, Inc.
and Salomon Smith Barney Holdings Inc.**


**D'AMATO & LYNCH**

By:_____
    Charles Bramham
70 Pine Street
New York, New York 10270
(212) 269-0927

**Attorneys for National Union Fire Insurance
Company of Pittsburgh, Pa.**


**MAYER, BROWN & PLATT**

By:_____
    Alan N. Salpeter
    Robert J. Kriss
190 South LaSalle Street
Chicago, IL 60603
(312) 782-0600

**Attorneys for Deloitte & Touche LLP**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
IN RE AMERICAN BANK NOTE          :  99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES     :
LITIGATION                        ::
------------------------------------------------------------ x
IN RE AMERICAN BANKNOTE CORPORATION :  99 Civ. 0661 (CM)
SECURITIES LITIGATION             :
------------------------------------------------------------ x
This Document Relates To:         :
ALL CONSOLIDATED ACTIONS          :
------------------------------------------------------------ x
```

## PRELIMINARY ORDER IN CONNECTION
## WITH SETTLEMENT PROCEEDINGS

WHEREAS, on October__, 2000, the parties to the above-entitled actions (the "Actions")

entered into a Global Stipulation and Agreement of Settlement (the "Stipulation") which is

subject to review under Rule 23 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") and

which, together with the exhibits thereto, sets forth the terms and conditions for the proposed

settlement of the claims alleged in the ABN Complaint and the Holographics Complaint on the

merits and with prejudice upon the terms and conditions set forth in the Stipulation; and the

Court having read and considered the Stipulation and the accompanying documents; and the

parties to the Stipulation having consented to the entry of this Order; and all capitalized terms

used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

2000, that:

1.     Pursuant to F.R.Civ.P. 23(b)(3), and for the purposes of the settlement only, i) the ABN Action is hereby certified as a class action on behalf of: all persons and entities who purchased the common stock of American Banknote Corporation ("ABN") during the period from and including May 2, 1996 through and including January 25, 1999 (the "ABN Class"); and ii) the Holographics Action is hereby certified as a class action on behalf of: all persons and entities who purchased the common stock of American Bank Note Holographics, Inc. ("Holographics") during the period from and including July 15, 1998 through and including February 1, 1999 (the "Holographics Class"). Excluded from each Class are the Released Parties, members of the immediate family (parents, spouses, siblings, and children) of each of the Released Parties, any entity (except Bay Harbour Management L.C. or any investment funds managed by Bay Harbour) in which any Released Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Party.

2.     The Court finds that the prerequisites for a class action under F.R.Civ.P. 23(a) and (b)(3) have been satisfied with respect to both the ABN Action and the Holographics Action in that: (a) the number of Class Members in each action is so numerous that joinder of all members of either action is impracticable; (b) there are questions of law and fact common to the Classes; (c) the claims of the named representatives are typical of the claims of the Classes they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Classes; (e) the questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members of the Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to F.R.Civ.P. 23, the ABN Lead Plaintiffs are certified as ABN Class Representatives and the Holographics Lead Plaintiffs are certified as Holographics Class Representatives.

4.     Hearings (the "Settlement Fairness Hearings") pursuant to F.R.Civ.P. 23(e) are hereby scheduled to be held before the Court on _____, 2000, commencing at __:____ _.m. for the following purposes:

(a)     to finally determine whether these Actions satisfy the applicable prerequisites for class action treatment under F.R.Civ.P. 23(a) and (b);

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Orders and Final Judgments as provided under the Stipulation should be entered, dismissing the Complaints filed herein, on the merits and with prejudice, and to determine whether the release by the Classes to the Released Parties, as set forth in the Stipulation, should be provided to the Released Parties;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right

to enter its Orders and Final Judgments approving the Stipulation and dismissing the Complaints on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Actions, Hearings On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Class Notice"), and the Proof of Claim form annexed hereto as Exhibits 1 and 2 respectively.

7.      Plaintiffs' Co-Lead Counsel shall cause the Class Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2000, to all members of the Classes who can be identified with reasonable effort by Plaintiffs' Co-Lead Counsel. The Settling Defendants shall cooperate in making ABN's and Holographics' transfer records and shareholder information available to Plaintiffs' Co-Lead Counsel or their agent for the purpose of identifying and giving notice to the Classes. Plaintiffs' Co-Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased ABN or Holographics common stock during the Class Periods as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Class Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Class Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Class Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon

receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Class Notices and Proof of Claim to beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearings, file with the Court proof of mailing of the Class Notice and Proof of Claim.

8. The Court approves the form of Publication Notice of the pendency of these class actions and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published in the national edition of The New York Times within ten days of the mailing of the Class Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearings, file with the Court proof of publication of the Published Notice.

9. The form and method set forth herein of notifying the Classes of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(1)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Class Notice, postmarked not later than _____, 2000.

Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

11.     Class Members shall be bound by all determinations and judgments in these Actions, whether favorable or unfavorable, unless such persons request exclusion from the

applicable Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than _____, 2000 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in ABN and Holographics Securities Litigations, and must be signed by such person.  Such persons requesting exclusion are also requested to state:  their telephone number and all purchases and sales of ABN or Holographics common stock during the Class Periods, including the number and price of the shares purchased during the Class Periods, the number and price of shares sold during the Class Periods or thereafter, and the date of each such purchase or sale.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.     Class Members requesting exclusion from the Classes shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Class Notice.

13.     The Court will consider objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, 300 Quarropas Street, White Plains, New York  10601, and copies of all such papers are served, on or before _____, 2000, upon each of the following: Vincent R. Cappucci, Esq., Entwistle & Cappucci LLP, 400 Park Avenue, New York, New York 10022;  Deborah Clark-Weintraub, Esq., Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New

York, New York 10119-0165; Stephen D. Oestreich, Esq., Wolf Popper LLP, 845 Third Avenue, New York, New York 10022; Stanley M. Grossman, Esq., Pomerantz Haudek Block Grossman & Gross LLP, 100 Park Avenue, 26th Floor, New York, New York 10017; and Stuart D. Wechsler, Esq., Wechsler Harwood Halebian & Feffer LLP, 488 Madison Avenue, New York, New York 10022, on behalf of Plaintiffs; and James Nespole , Esq., Fulbright & Jaworski L.L.P., 666 Fifth Avenue, New York, New York 10103-3198 on behalf of Defendant Holographics; Kevin T. Rover, Esq., Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 on behalf of Defendants ABN, Gorman and Gentile; Miranda S. Schiller, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 on behalf of Defendant Weissman; James A. Mitchell, Esq., Stillman & Friedman, P.C., 425 Park Avenue, 22nd Floor, New York, New York 10022 on behalf of Defendant Cantor; Barry A. Bohrer, Esq., Morvillo, Abramowitz, Grand, Iason & Silberberg, 565 Fifth Avenue, New York, New York 10017 on behalf of Defendant Macchiarulo; Boris Feldman, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050 on behalf of Defendants NationsBanc Montgomery Securities LLC, Lazard Freres & Co. LLC, Raymond James & Associates, Inc., and Salomon Smith Barney Holdings Inc.; and Robert J. Kriss, Esq., Mayer, Brown & Platt, 190 South LaSalle Street, Chicago, Illinois 60603, on behalf of Defendant Deloitte & Touche LLP. Attendance at the hearings is not required; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearings. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and

desire to present evidence at the Settlement Fairness Hearings must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearings. Class Members do not need to appear at the hearings or take any other action to indicate their approval.

14.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

15.     If: (a) the Settlement is terminated by Holographics or Deloitte pursuant to ¶ 23 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Co-Lead Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Orders and Final Judgments in substantially the form and content annexed to the Stipulation as Exhibit B and/or Plaintiffs' Co-Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Co-Lead Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Co-Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Classes and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence

or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to June 23, 2000.

16.     The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

Dated:          White Plains, New York
                _____, 2000


                                        _____
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**
**TO EXHIBIT A**

UNITED STATES DISTRICT COURT

```
------------------------------------------------------------- x
IN RE AMERICAN BANK NOTE                 :  99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES            :
LITIGATION                               :
------------------------------------------------------------- x
IN RE AMERICAN BANKNOTE CORPORATION :     99 Civ. 0661 (CM)
SECURITIES LITIGATION                    :
------------------------------------------------------------- x
This Document Relates To:                :
ALL CONSOLIDATED ACTIONS                 :
------------------------------------------------------------- x
```

## NOTICE OF PENDENCY OF CLASS ACTIONS, HEARINGS ON PROPOSED SETTLEMENT AND ATTORNEYS' FEE PETITION AND RIGHT TO SHARE IN SETTLEMENT FUND

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF
       AMERICAN BANK NOTE HOLOGRAPHICS, INC. ("HOLOGRAPHICS") DURING
       THE PERIOD JULY 15, 1998 THROUGH FEBRUARY 1, 1999 (THE
       "HOLOGRAPHICS CLASS");  AND

       ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF
       AMERICAN BANKNOTE CORPORATION ("ABN") DURING THE PERIOD FROM
       AND INCLUDING MAY 2, 1996 THROUGH JANUARY 25, 1999 (THE "ABN
       CLASS")


PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS
WILL BE AFFECTED BY PROCEEDINGS IN THESE ACTIONS.  IF YOU ARE A CLASS
MEMBER, YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS
PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

CLAIMS DEADLINE:  CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM
ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE JANUARY 30, 2001

EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE SUBMITTED
POSTMARKED ON OR BEFORE DECEMBER 8, 2000.

SECURITIES BROKERS AND OTHER NOMINEES:  PLEASE SEE INSTRUCTIONS ON
PAGE ___ HEREIN.

## SUMMARY OF SETTLEMENT AND RELATED MATTERS

I.    Purpose of this Notice

     1.    This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court dated October 25, 2000. The purpose of this Notice is to inform you that these actions have been certified as class actions for the purposes of a proposed Settlement that will affect all Class Members' rights. This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to these actions. This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in these actions, or the fairness or adequacy of the proposed Settlement.

II.    Statement of Plaintiff Recovery

     2.    Pursuant to the Settlement described herein, Settlement Funds consisting of $14,850,000 in cash, plus interest, have been established. In addition, Defendants ABN and Holographics shall each deliver the securities described at paragraph 28 below (the "Settlement Securities") for the benefit of the Classes. Plaintiffs estimate that there were approximately 30.6 million shares of Holographics common stock traded during the Class Period which may have been damaged as a result of the alleged wrongdoing described below. Plaintiffs estimate that the average cash recovery per damaged share of Holographics common stock under the Settlement (exclusive of the Settlement Securities) is 40.3¢ per damaged share before deduction of Court-awarded attorneys' fees and expenses. Plaintiffs estimate that there were approximately 25.0 million shares of ABN common stock traded during the ABN Class Period which may have been damaged as a result of the alleged wrongdoing. Plaintiffs estimate that the average cash recovery per damaged share of ABN common stock (exclusive of the Settlement Securities) under the

Settlement is 10.0¢ per damaged share before deduction of Court-awarded attorneys' fees and expenses. Depending on the number of claims filed, when during the Class Periods Class Members purchased their shares of Holographics or ABN common stock, and whether those shares were held at the end of the Class Periods or sold during the Class Periods, and if sold, when they were sold, an individual Class Member may receive more or less than these average amounts.

3.      A Class Member's distribution from the Settlement Fund will be governed by a Plan of Allocation, to be approved by the Court. Under the relevant securities laws, a claimant's recoverable damages are limited to the losses attributable to the alleged fraud. Losses which resulted from factors other than the alleged fraud are not compensable from the Settlement Fund.

4.      A detailed explanation of how each Class Member's claim will be calculated is set forth in the Plaintiffs' proposed Plan of Allocation which appears at page __ of this Notice.

III.     Statement of Potential Outcome of Case

5.      The parties disagreed on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include (a) the appropriate economic model for determining the amounts by which Holographics' and ABN's common stock were allegedly artificially inflated (if at all) during the Class Periods; (b) the amounts by which Holographics' and ABN's common stock were allegedly artificially inflated (if at all) during the Class Periods; (c) the effect of various market forces influencing the trading prices of Holographics' and ABN's common stock at various times during the Class Periods; (d) the extent to which external factors such as general market and industry conditions, influenced

the trading prices of Holographics' and ABN's common stock at various times during the Class Periods; (e) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading prices of Holographics' and ABN's common stock at various times during the Class Periods; (f) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading prices of Holographics' and ABN's common stock at various times during the Class Periods; and (g) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws.

6. Plaintiffs' Counsel consider that there were risks that Plaintiffs and the Classes might not have prevailed on all their claims and that there were risks that the decline in the prices of Holographics' and ABN's common stock could be attributed, in whole or in part, to other factors, therefore Plaintiffs could have recovered nothing or substantially less than this amount. For example, at the time the agreement in principle to settle the actions was reached, defendant ABN was subject to protection under Chapter 11 of the United States Bankruptcy Code.

7. The Defendants deny that they are liable to the Plaintiffs or the Classes and deny that Plaintiffs or the Classes have suffered any damages.

IV. Statement of Attorneys' Fees and Costs Sought

8. Plaintiffs' Counsel intend to apply for fees of up to one-third (33-⅓%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of these actions for an amount not to exceed $500,000. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were

successful in obtaining a recovery for the Classes they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

V.      Further Information

9.      Further information regarding the Holographics Action and this Notice may be obtained by contacting the Holographics Plaintiffs' Co-Lead Counsel:  Vincent R. Cappucci, Esq., Entwistle & Cappucci LLP, 400 Park Avenue, New York, New York 10022, Telephone (212) 894-7200;  Deborah Clark-Weintraub, Esq., Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300; Stephen D. Oestreich, Esq., Wolf Popper LLP, 845 Third Avenue, New York, New York 10022, Telephone (212) 759-4600.  Further information regarding the ABN Action and this Notice may be obtained by contacting the ABN Plaintiffs' Co-Lead Counsel:  Stanley M. Grossman, Esq., Pomerantz Haudek Block Grossman & Gross LLP, 100 Park Avenue, 26th Floor, New York, New York 10017, Telephone (212) 661-1100; or Stuart D. Wechsler, Esq., Wechsler Harwood Halebian & Feffer LLP, 488 Madison Avenue, New York, New York 10022, Telephone (212) 935-7400.

VI.     Reasons for the Settlement

10.     The principal reason for the Settlement is the benefit to be provided to the Classes now.  This benefit must be compared to the risk that plaintiffs might not obtain a judgment after a contested trial and likely appeals, possibly years into the future, and that even if plaintiffs ultimately succeeded in obtaining a judgment, collection would not be assured.

## NOTICE OF SETTLEMENT FAIRNESS HEARINGS

11.     NOTICE IS HEREBY GIVEN, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New York

(the "Court") dated October 25, 2000, that hearings will be held before the Honorable Colleen

McMahon in the United States Courthouse, 300 Quarropas Street, White Plains, New York

10601, at 9:30 a.m., on December 15, 2000 (the "Settlement Fairness Hearings") to determine

whether a proposed settlement (the "Settlement") of the above-captioned actions (the "Actions")

as set forth in the Stipulation of Settlement dated October 24, 2000 (the "Stipulation"), is fair,

reasonable and adequate and to consider the proposed Plan of Allocation for the settlement

proceeds and the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of

expenses.

12.     The Court, by Preliminary Order In Connection With Settlement Proceedings,

dated October 25, 2000, has certified a ABN Plaintiffs' Class consisting of "all persons and

entities who purchased the common stock of ABN during the period from and including May 2,

1996 through and including January 25, 1999" and a Holographics Plaintiffs' Class consisting of

"all persons and entities who purchased the common stock of Holographics during the period

from and including July 15, 1998 through and including February 1, 1999." Excluded from the

Classes are the Released Parties (as defined below), members of the immediate family (parents,

spouses, siblings, and children) of each of the Released Parties, any entity (except Bay Harbour

Management L.C. or any investment funds managed by Bay Harbour) in which any Released

Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange

Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Party.

## BACKGROUND OF THE LITIGATION

13.     Throughout the Class Periods, ABN was a holding company engaged through its various subsidiaries in the secured products and systems industry. Until its July 15, 1998 initial public offering, Holographics was a wholly-owned subsidiary of ABN. Holographics originated, manufactured and marketed mass-produced holograms and holographic material for use in security and counterfeiting-protection applications and for non-secure uses such as magazine advertisements and specialized packaging.

14.     The Consolidated Complaint filed in the ABN Action (the "ABN Complaint") alleges, among other things, that Defendants ABN, Weissman, Gorman, and Gentile issued false and misleading press releases and other statements regarding ABN's financial condition and results of operations during the ABN Class Period in a scheme to artificially inflate the value of ABN's securities.

15.     A principal part of the alleged scheme in the ABN Action included the overstatement of income and the understatement of expenses during the ABN Class Period. It was alleged that accurately reporting such financial information would have, among other things, risked the success of the Holographics IPO and ABN's debt financing for its plans for international expansion through joint ventures and acquisitions. Allegedly, it was not until April 20, 1999 that ABN finally admitted, inter alia, the following facts: (a) that ABN's reported financial statements for the years ended December 31, 1997 and December 31, 1996, as well as the interim financial statements for each of the first three quarters of 1998, would require a

restatement concurrent with the restatements of Holographics (which had been a wholly-owned subsidiary of ABN during those periods) for those periods; (b) that ABN would not timely file its annual report for the year ended December 31, 1998; (c) that the Securities and Exchange Commission (the "SEC") had commenced a formal investigation of ABN due to Holographics' revenue recognition issues; and (d) that ABN had retained The Blackstone Group to explore "strategic alternatives," including a debt restructuring or the sale of other assets to reduce its debts.

16. The ABN Complaint further alleges that Plaintiffs and other ABN Class Members purchased the common stock of ABN during the ABN Class Period at artificially inflated prices as a result of the Defendants' dissemination of false and misleading statements regarding ABN in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. At the end of the Class Period, when Plaintiffs claim that the true facts about ABN began to be revealed, the price of ABN shares declined substantially.

17. The Consolidated Class Action Complaint filed in the Holographics Action (the "Holographics Complaint") alleges, among other things, that the Holographics Defendants issued false and misleading press releases and other statements regarding Holographics' financial condition and results of operations during the Holographics Class Period in a scheme to artificially inflate the value of Holographics' securities. Holographics was a wholly owned subsidiary of ABN prior to its public offering and allegedly in ABN's control subsequent to the public offering.

18. The Complaint in the Holographics Action generally alleges, among other things, that: (1) Defendants ABN, Holographics, NationsBanc, Lazard Freres, Raymond James, Smith

Barney, Weissman, Cantor and Macchiarulo and Deloitte & Touche LLP ("Deloitte") violated Section 11 of the Securities Act of 1933 in connection with ABNH's issuance of a false and misleading prospectus in connection with the initial public offering of Holographics' common stock on or about July 15, 1998 (the "IPO"); (2) Defendants ABN, Holographics, NationsBanc, Lazard Freres, Raymond James, and Smith Barney violated Section 12(a)(2) of the Securities Act of 1933; (3) Defendants ABN, Weissman, Cantor and Macchiarulo violated Section 15 of the Securities Act of 1933; (4) Defendants ABN, Holographics, Weissman, Cantor and Macchiarulo violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder; and (5) Defendants Weissman, Cantor and Macchiarulo violated Section 20(a) of the Securities Exchange Act of 1934. A principal part of the alleged scheme in the Holographics Action included the overstatement of income and the understatement of expenses of Holographics during the Holographics Class Period. It was alleged that accurately reporting such financial information would have, among other things, risked ABN's plan to use the net proceeds from the Holographics IPO for a cash tender offer to repurchase some of ABN's outstanding indebtedness and for general corporate purposes. Allegedly, it was not until April 15, 1999 that Holographics finally admitted, inter alia, the following facts: (a) that Holographics could not timely file either its annual report for the year ended December 31, 1998 or its quarterly report for the first quarter of 1999; (b) that certain members of Holographics' senior management had resigned; (c) that its financial statements for the years ended December 31, 1997 and December 31, 1996 as well as the interim financial statements for each of the first three quarters of 1998 would require restatement; (d) that Holographics had been notified by its commercial banks that events of default existed under its credit arrangements "as a result of the financial statements

misstatements and related matters disclosed in the Company's press releases of January 19, January 25 and February 1, 1999"; and (e) that the SEC had initiated a formal investigation into Holographics' previously disclosed financial statements.

19.     The Holographics Complaint further alleges that Plaintiffs and other Holographics Class Members purchased the common stock of Holographics during the Holographics Class Period at artificially inflated prices as a result of the dissemination of false and misleading statements regarding Holographics by Defendants ABN, Holographics, Weissman, Cantor and Macchiarulo in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. At the end of the Class Period, when Plaintiffs claim that the true facts about Holographics began to be revealed, the price of Holographics shares declined precipitously.

## SUBSEQUENT EVENTS

20.     On December 8, 1999, ABN voluntarily filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND TO THE SETTLEMENT

21.     The Defendants (as defined below) have denied all averments of wrongdoing or liability in the Actions and all other accusations of wrongdoing or violations of law. The Stipulation is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of any of the Defendants of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses which they have asserted or intended to assert in the Actions.

22. Prior to entering into the Stipulation, Plaintiffs' Counsel conducted an investigation relating to the events and transactions underlying Plaintiffs' claims and conducted confirmatory discovery, including, inter alia, review and analysis of documents produced by certain Defendants. These documents included ABN's and Holographics' financial statements, accounting work papers, Defendants' public statements, all relevant filings by ABN and Holographics with the SEC and submissions by certain defendants to the SEC in connection with a pending investigation. Plaintiffs' Co-Lead Counsel also conducted interviews of several parties and non-parties who provided additional evidence supporting Plaintiffs' allegations. Plaintiffs' Counsel's decision to enter into this Settlement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims. Plaintiffs and their counsel also considered Deloitte's position that it had been intentionally misled by other parties with respect to matters that were material to its audit of ABNH's financial statements and further considered Deloitte's proposed Crossclaims based upon these allegations. In determining to settle the Actions, they have evaluated the pretrial investigation and discovery taken in the Actions and taken into account the substantial expense and length of time necessary to prosecute the Actions through trial, post-trial motions, and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of these complex Actions. Plaintiffs' Counsel have also taken into account the limited ability of certain Defendants to pay any judgment that might ultimately be entered in these Actions, especially in light of ABN's bankruptcy, Holographics' financial condition, and in light of certain Defendants' insurer's reservation of rights. Plaintiffs' Counsel believe that the Settlement described herein confers very substantial benefits upon the Classes. Based upon their consideration of all of these factors,

Plaintiffs and their counsel have concluded that it is in the best interest of Plaintiffs and the Classes to settle the Actions on the terms described herein.

23.     All of the parties have now agreed to settle all aspects of the Actions subject to approval of the Court, and, with respect to the issuance of the Settlement Securities to be delivered by ABN as discussed below, subject to the entry of an Order confirming ABN's Plan of Reorganization by the Bankruptcy Court.

24.     Plaintiffs recognized the uncertainty and the risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action. Plaintiffs desired to settle the claims of the Classes against Defendants on the terms and conditions described herein which provide substantial benefits to the Classes. Plaintiffs' Counsel deem such settlement to be fair, reasonable and adequate to, and in the best interests of the members of the Classes.

25.     The Defendants, while continuing to deny all allegations of wrongdoing or liability whatsoever, desired to settle and terminate all existing or potential claims against them, without in any way acknowledging any fault or liability.

26.     The amount of damages, if any, that Plaintiffs could prove was also a matter of serious dispute, and the Settlement's use of a Recognized Claim formula for distributing the Settlement proceeds does not constitute a finding, admission or concession that provable damages could be measured by the Recognized Claim formula. No determination has been made by the Court as to liability or the amount, if any, of damages suffered by the Classes, nor on the proper measure of any such damages. The determination of damages, like the determination of liability, is a complicated and uncertain process, typically involving conflicting expert opinions.

During the course of the Actions, Defendants, in addition to denying any liability, disputed that Plaintiffs and the Classes were damaged by any wrongful conduct on Defendants' parts. The Settlement herein is providing an immediate and substantial cash benefit and avoids the risks that liability or damages might not have been proven at trial.

27.     THE COURT HAS NOT DETERMINED THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE ACTIONS WERE NOT SETTLED.

## **TERMS OF THE SETTLEMENT**

28.     In full and complete settlement of the claims which have or could have been asserted in these Actions, and subject to the terms and conditions of the Stipulation, Defendants have paid or caused to be paid into escrows on behalf of Plaintiffs and the Classes $14,850,000 (the "Cash Settlement Amount"), which is earning interest for the benefit of the Classes. In addition, Defendants ABN and Holographics will deliver freely-tradeable shares of ABN and Holographics common stock for the benefit of the Classes. As more fully described in the Stipulation, Defendant ABN shall deliver for the benefit of the Classes certificates representing in total forty percent of the Equity Reserve (as defined in the Plan of Reorganization[1]). As also

---

[1]         The Amended Reorganization Plan of American Banknote Corporation (the "Plan of Reorganization") provides that "Equity Reserve" means the reserve containing 915,396 shares of ABN New Common Stock (representing approximately 7.7% of the New Common Stock, subject to dilution by the New W arrants, the Rights, the Management Incentive Options, the Equity Options and the Consulting Options) and 622,481 New Warrants (consisting of all the New Warrants, and representing the right to purchase approximately 5% of the New Common Stock, subject to dilution by the Management Incentive Options, the Equity Options and the Consulting Options). The Plan of Reorganization also provides for the establishment of a Securities Claim Reserve consisting of five (5%) percent of the portion of the Equity Reserve allocable to the Classes, for distribution to persons who would be Class Members but who (i) exclude themselves from the Classes, (ii) timely filed proofs of claim in ABN's chapter

more fully described in the Stipulation, Defendant Holographics shall deliver, for the benefit of the Holographics Class, certificates representing in total 1,460,000 shares of Holographics common stock and Common Stock Purchase Warrants (the "Warrants") to purchase 863,647 shares of common stock at an exercise price of $6.00 per share. At the time that the Settlement was negotiated, ABN common stock was trading at approximately $.03 per share. Holographics common stock was de-listed from the New York Stock Exchange on August 3, 1999. Thereafter it traded in the pink sheets from August 1999 to March 29, 2000. Since March 30, 2000 it has traded on the OTC Bulletin Board. At the time of the Settlement was negotiated, it was trading at approximately $1.625 per share. The values of ABN stock and Holographics stock are not guaranteed by the Defendants and may go up or down depending on numerous factors, including market conditions and the operations and prospects of ABN and Holographics.

29. Pursuant to the Settlement, and on the Effective Date, Plaintiffs and members of the Classes on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, shall release and forever discharge, and shall forever be enjoined from prosecuting the Released Parties with respect to each and every Settled Claim (defined below). The Settlement also provides that the Judgment shall contain a Bar Order preventing any party from asserting any claim of any nature whatsoever, whether arising under federal, state, local, statutory or common law or any other law, equitable principle rule or regulation; including both known and Unknown Claims which are based upon or which relate in

---

11 case, and (iii) whose ABN bankruptcy claims are ultimately allowed by order of the Bankruptcy court after completion of a claims objection process in the Bankruptcy Court. The Securities Claim Reserve, or a portion thereof, will be distributed to the Classes based on the Plan of Allocation, in the event that any securities remain in the Equity Reserve following completion of the claims objection process. It is a condition to the Settlement that the Plan of Reorganization be approved by the Bankruptcy Court.

any way to the alleged facts underlying the claims asserted or which could have been asserted in the Actions against any of the Released Parties or National Union. The settlement also provides for the release of such claims between Deloitte and the other Defendants.

30. The "Defendants" include the following, each of whom will be released from all claims relating in any way to the allegations in the ABN Complaint and the Holographics Complaint or to any purchase of common stock of ABN or Holographics during the Class Periods: (1) American Banknote Corporation ("ABN"); (2) American Bank Note Holographics, Inc. ("Holographics"); (3) NationsBanc Montgomery Securities LLC; (4) Lazard Freres & Co. LLC; (5) Raymond James & Associates, Inc.; (6) Salomon Smith Barney Holdings Inc.; (7) Morris Weissman; (8) Joshua C. Cantor; (9) Richard P. Macchiarulo; (10) John T. Gorman; (11) Patrick J. Gentile; and (12) Deloitte & Touche LLP ("Deloitte"). In addition the Settlement will release all Class Members' claims against the Defendants' current and former parents, affiliates, related entities, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees, partners, principals, members, shareholders, spouses, heirs, estate executors, attorneys and members of their immediate families, as well as all persons, other than the Released Defendants, who were directors and/or officers of: (i) Holographics at any time during the period from and including July 15, 1998 through and including February 1, 1999, or (ii) ABN at any time during the period from and including May 2, 1996 through and including January 25, 1999 (the "Released Directors and Officers") (collectively with the Defendants, the "Released Parties").

31. "Settled Claims" means all claims, known and unknown, whether direct or derivative, that plaintiffs in each Action and members of the class in each Action have and may

have against any of the Released Parties and any insurer of any Released Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of (a) the common stock of Holographics during the Holographics Class Period, or (b) the common stock of ABN during the ABN Class Period, or in any way connected with (1) any acts or omissions or failure to act during the Holographics Class Period or the ABN Class Period which are or could have been alleged or referred to in either of the Actions, or (2) the adequacy of disclosure or the filing of or failure to file with the SEC or any other governmental agency at any time during the Holographics Class Period or the ABN Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the Holographics Class Period or the ABN Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act occurring during the Holographics Class Period or the ABN Class Period, concerning, in each case, any common stock of Holographics or ABN or the business operations, transactions, financial operations or condition or operational or financial prospects of Holographics or ABN.

32.     If the Settlement is approved by the Court, all settled Claims which have or could have been asserted in the Actions will be dismissed on the merits and with prejudice as to all Class Members and all Class Members shall be forever barred from prosecuting a class action or any other action raising any Settled Claims against any Released Party.

33.     The Stipulation provides that either of Defendant Holographics or Defendant Deloitte may, respectively, withdraw from this Stipulation and terminate their rights and responsibilities thereunder in the event that in excess of a certain amount of claimants exclude themselves from the Holographics Class.

34.     The Settlement will become effective at such time as Orders entered by the Court

approving the Settlement shall become final and not subject to appeal (the "Effective Date").

## PLAN OF ALLOCATION

35. The $14,850,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Cash Settlement Fund. The Gross Cash Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Cash Settlement Fund"), and the Settlement Securities, less fees awarded from the Settlement Securities, shall be distributed to members of the Classes who file acceptable Proofs of Claim ("Authorized Claimants").

36. The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Cash Settlement Fund and net Settlement Securities based upon each Authorized Claimant's "Recognized Claim."

37. (a) An Authorized Claimant's "Recognized Claim" from transactions in ABN common stock shall mean 47% of the difference, if a loss, between the amount paid for ABN common stock during the ABN Class Period (including brokerage commissions and transaction charges), and the sum for which said shares were sold at a loss (net of brokerage commissions and transaction charges) on or before January 25, 1999. As to those ABN shares which an Authorized Claimant purchased during the ABN Class Period and continued to hold as of January 25, 1999, Recognized Claim shall mean 47% of the difference, if a loss, between the amount paid for each such share purchased during the ABN Class Period and $0.551 per share, the average closing price of said shares for the 90 day period following January 25, 1999. Purchases of ABN common stock during the ABN Class Period will be matched against sales of ABN common stock during the ABN Class Period on a First-In, First-Out basis. Transactions resulting in a gain shall not be included.

(b)     An Authorized Claimant's "Recognized Claim" from transactions in Holographics common stock shall mean 100% of the difference, if a loss, between the amount paid for Holographics common stock during the Holographics Class Period (including brokerage commissions and transaction charges), and the sum for which said shares were sold at a loss (net of brokerage commissions and transaction charges) on or before February 1, 1999. As to those Holographics shares purchased during the Holographics Class Period which an Authorized Claimant continued to hold as of February 1, 1999, Recognized Claim shall mean 100% of the difference, if a loss, between the amount paid for each such share purchased during the Holographics Class Period and $2.312 per share, the average closing price of said shares for the 90 day period after February 1, 1999. Purchases during the Holographics Class Period will be matched against sales during the Holographics Class Period on a First-In, First-Out basis. Transactions resulting in a gain shall not be included.

38.     (a)     i)     With respect to 84.175%[2] of the Net Settlement Fund, each Authorized Claimant shall be allocated a pro rata share of the Net Cash Settlement Fund based upon his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants; and

ii)     the remainder of the Net Settlement Fund will be distributed only to members of the Holographics Class in proportion to the Authorized Claimant's Recognized Claim from purchases of Holographics common stock during the Holographics Class Period as compared to the total Recognized Claims only from purchases of Holographics common stock

---

[2]          12,500,000 divided into 14,850,000 = 84.175%

during the Holographics Class Period of all Authorized Claimants, as determined by the Claims Administrator.

(b)     To the extent not previously sold or distributed, the net shares of ABN common stock and ABN warrants will be distributed to the members of the Classes in proportion to the Authorized Claimant's Recognized Claims as determined by the Claims Administrator. No fractional shares or warrants shall be issued and no shares or warrants shall be issued to any Authorized Claimant who would not be entitled to receive at least five (5) shares or five (5) warrants based on the initial proration of shares to Authorized Claimants. No adjustment will be made in the cash distributions for fractional shares or warrants nor for the minimum number of shares or warrants.

(c)     The net shares of Holographics common stock and the Holographics Common Stock Purchase Warrants will be distributed only to members of the Holographics Class in proportion to the Authorized Claimant's Recognized Claim from purchases of Holographics common stock during the Holographics Class Period as compared to the total Recognized Claims only from purchases of Holographics common stock during the Holographics Class Period of all Authorized Claimants, as determined by the Claims Administrator. No fractional shares or Warrants shall be issued and no shares or Warrants shall be issued to any Authorized Claimant who would not be entitled to receive at least five (5) shares or five (5) Warrants based on the initial proration of shares and Warrants to Authorized Claimants. No adjustment will be made in the cash distributions for fractional shares or Warrants nor for the minimum number of shares or Warrants.

39.     Class Members who do not file acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either file an acceptable request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the judgment and the Settlement.

## THE RIGHTS OF CLASS MEMBERS

40.     The Court has certified these Actions to proceed as class actions. If you purchased common stock of ABN during the period from and including May 2, 1996 through and including January 25, 1999, then you are an ABN Class Member. If you purchased common stock of Holographics during the period from and including July 15, 1998 through and including February 1, 1999, then you are a Holographics Class Member. Class Members have the following options pursuant to Rule 23 (c) (2) of the Federal Rules of Civil Procedure:

(a)     If you wish to remain a member of the Classes, you may share in the proceeds of the Settlement, provided that you submit an acceptable Proof of Claim. Class Members will be represented by the Plaintiffs and their counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before December 8, 2000, and must serve copies of such appearance on the attorneys listed in ¶ 48 below.

(b)     If you do not wish to remain a member of any of the Classes, you may exclude yourself from the Classes by following the instructions in ¶ 46 below. Persons who exclude themselves from the Classes will **NOT** receive any share of the Settlement proceeds and will not be bound by the Settlement.

(c)     If you object to the Settlement or any of its terms, or to Plaintiffs'

Counsel's application for fees and expenses, and if you do not exclude yourself from the Classes,

you may present your objections by following the instructions in ¶ 48 below.

## FILING AND PROCESSING OF PROOFS OF CLAIM

41.     IN ORDER TO BE ELIGIBLE TO RECEIVE ANY DISTRIBUTION FROM

THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THE ATTACHED

PROOF OF CLAIM AND RELEASE FORM AND SEND IT BY PREPAID FIRST CLASS

MAIL POSTMARKED ON OR BEFORE JANUARY 30, 2001, ADDRESSED AS FOLLOWS:

In re ABN and Holographics Securities Litigations
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 990
Corte Madera, CA 94976-0990

42.     IF YOU DO NOT SUBMIT A PROPER PROOF OF CLAIM FORM, YOU

WILL NOT BE ENTITLED TO ANY SHARE OF THE SETTLEMENT FUND.

43.     IF YOU ARE A CLASS MEMBER AND YOU DO NOT PROPERLY

EXCLUDE YOURSELF FROM THE CLASSES, YOU WILL BE BOUND BY THE

SETTLEMENT AND THE FINAL JUDGMENTS OF THE COURT DISMISSING THESE

ACTIONS, EVEN IF YOU DO NOT SUBMIT A PROOF OF CLAIM. IF YOU EXCLUDE

YOURSELF, YOU WILL NOT BE BOUND BY THE JUDGMENT BUT YOU WILL NOT BE

ENTITLED TO ANY SHARE OF THE SETTLEMENT FUND.

44.     All Proofs of Claim must be submitted by the date specified in this Notice unless

such period is extended by Order of the Court.

45. Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its claim.

## EXCLUSION FROM THE SETTLEMENT

46. Each Class Member shall be bound by all determinations and judgments in these Actions concerning the Settlement, whether favorable or unfavorable, unless such person shall mail, by first class mail, a written request for exclusion from the Classes, postmarked no later than December 8, 2000, addressed to ABN and Holographics Securities Litigations Exclusions, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 990, Corte Madera, CA 94976-0990. No person may exclude himself from the Classes after that date. In order to be valid, each such request for exclusion must set forth the name and address of the person or entity requesting exclusion, must state that such person or entity "requests exclusion from the Class in ABN and Holographics Securities Litigation, Master File Nos. 99Civ. 0412 and 0661 (CM)" and must be signed by such person or entity. Persons and entities requesting exclusion are requested to also provide the following information: their telephone number, the number of shares of ABN common stock purchased during the period May 2, 1996 through and including January 25, 1999, the number of shares of Holographics common stock purchased during the period July 15, 1998 through February 1, 1999, and the date(s) and price(s) of such purchases, the number(s) of shares of such ABN or Holographics common stock sold during the Class Periods, the date(s) of such sales and the amount(s) received therefor, and the number of shares of ABN still owned as of the close of trading on January 25, 1999, and the number of shares of Holographics still owned as of the close of trading on February 1, 1999. A request for exclusion shall not be

effective unless the request for exclusion provides the required information and is made within the time stated above.

## SETTLEMENT FAIRNESS HEARINGS

47.    At the Settlement Fairness Hearings, the Court will determine whether to finally approve this Settlement and dismiss the Actions and the claims of the Class Members. The Court will also determine whether the Plan of Allocation for the Settlement proceeds and the terms and conditions for the distribution of the Settlement Securities pursuant to the Settlement Agreement are fair and reasonable. The Settlement Fairness Hearings may be adjourned from time to time by the Court without further written notice to the Classes. If the Settlement is approved, the Court will also consider the application of Plaintiffs' Counsel for attorneys' fees.

48.    At the Settlement Fairness Hearings, any Class Member who has not properly submitted a Request for Exclusion from the Classes may appear in person or by counsel and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and reimbursement of expenses, provided, however, that in no event shall any person be heard in opposition to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and expenses and in no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless, on or before December 8, 2000, such person (a) files with the Clerk of the Court notice of such person's intention to appear, showing proof of such person's membership in the Classes, and providing a statement that indicates the basis for such opposition, along with any documentation in support of such objection, and (b) simultaneously serves copies of such notice, proof, statement and documentation, together with

copies of any other papers or briefs such person files with the Court, in person or by mail upon

Holographics Plaintiffs' Co-Lead Counsel:

Vincent R. Cappucci, Esq.
Entwistle & Cappucci LLP
400 Park Avenue
New York, NY 10022
(212) 894-7200

Ariana J. Tadler, Esq.
Milberg Weiss Bershad
 Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

Stephen D. Oestreich, Esq.
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
(212) 759-4600

and upon ABN Plaintiffs' Co-Lead Counsel:

Stuart D. Wechsler, Esq.
Wechsler Harwood Halebian & Feffer LLP
488 Madison Avenue
New York, NY 10022
(212) 935-7400

Stanley M. Grossman, Esq.
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
(212) 661-1100

and upon Defendants' Counsel:

James Nespole, Esq.
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, NY 10103
(212) 318-3000

Kevin T. Rover, Esq.
Morgan, Lewis
 & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Miranda S. Schiller, Esq.
Weil, Gotshal
 & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

James A. Mitchell, Esq.
Stillman & Friedman, P.C.
425 Park Avenue, 22nd Floor
New York, NY 10022
(212) 223-0200

Barry A. Bohrer, Esq.
Morvillo, Abramowitz,
Grand, Iason & Silberberg
565 Fifth Avenue
New York, NY 10017
(212) 856-9600

Boris Feldman, Esq.
Wilson Sonsini
 Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

Robert J. Kriss, Esq.
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL 60603
(312) 782-0600

## ATTORNEYS' FEES AND DISBURSEMENTS

49.     At the Settlement Fairness Hearings or at such other time as the Court may direct,

Plaintiffs' Counsel intend to apply to the Court for an award of attorneys' fees from the

Settlement Fund in an amount not greater than one-third (33-⅓%) of the Gross Settlement Fund

and the Settlement Securities and for reimbursement of their expenses up to a maximum amount

of $500,000, plus interest at the same rate as earned by the Settlement Fund.  Plaintiffs' Counsel,

without further notice to the Classes, may subsequently apply to the Court for fees and expenses

incurred in connection with administering and distributing the Settlement proceeds to the

members of the Classes.

## FURTHER INFORMATION

50.     For a more detailed statement of the matters involved in these Actions, reference

is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other

papers filed in the Actions, which may be inspected at the Office of the Clerk of the United

States District Court for the Southern District of New York, United States Courthouse, 300

Quarropas Street, White Plains, New York  10601 during regular business hours.

51.     ALL INQUIRIES CONCERNING THIS NOTICE OR THE PROOF OF CLAIM

FORM BY CLASS MEMBERS SHOULD BE MADE TO THE CLAIMS ADMINISTRATOR

IN WRITING AT THE ADDRESS INDICATED BELOW.

## SPECIAL NOTICE TO
## SECURITIES BROKERS AND OTHER NOMINEES

52.     If you purchased common stock of American Banknote Corporation ("ABN")

during the period from and including May 2, 1996 through and including January 25, 1999 or if

you purchased common stock of American Bank Note Holographics, Inc. ("Holographics")

during the period from and including July 15, 1998 through and including February 1, 1999 for

the beneficial interest of a person or organization other than yourself, the Court has directed that,

within seven days of your receipt of this Notice, you either (a) provide to the Claims

Administrator the name and last known address of each person or organization for whom or

which you purchased such stock during such time period or (b) request additional copies of this

Notice and the Proof of Claim form, which will be provided to you free of charge, and within

seven days mail the Notice and Proof of Claim form directly to the beneficial owners of the

securities referred to herein. If you choose to follow alternative procedure (b), the Court has

directed that, upon such mailing, you send a statement to the Claims Administrator confirming

that the mailing was made as directed. You are entitled to reimbursement from the Settlement

Fund of your reasonable expenses actually incurred in connection with the foregoing, including

reimbursement of postage expense and the cost of ascertaining the names and addresses of

beneficial owners. Those expenses will be paid upon request and submission of appropriate

supporting documentation. All communications concerning the foregoing should be addressed to

the Claims Administrator:

In re ABN and Holographics Securities Litigations
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA 94976-0990
(415) 461-0410


Dated:      White Plains, New York
            October 25, 2000


                              <u>By Order of the Court</u>
                              CLERK OF THE COURT

**EXHIBIT 2**
**TO EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------- x
IN RE AMERICAN BANK NOTE                         :    99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES                    :
LITIGATION                                       :
--------------------------------------------------------------- x
IN RE AMERICAN BANKNOTE CORPORATION :              99 Civ. 0661 (CM)
SECURITIES LITIGATION                            :
--------------------------------------------------------------- x
This Document Relates To:                        :
ALL CONSOLIDATED ACTIONS                         :
--------------------------------------------------------------- x
```

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: JANUARY 30, 2001.

IF YOU PURCHASED COMMON STOCK OF AMERICAN BANKNOTE
CORPORATION ("ABN") DURING THE PERIOD FROM AND INCLUDING MAY 2,
1996 THROUGH AND INCLUDING JANUARY 25, 1999 ("ABN CLASS PERIOD")
OR IF YOU PURCHASED COMMON STOCK OF AMERICAN BANK NOTE
HOLOGRAPHICS, INC. ("HOLOGRAPHICS") DURING THE PERIOD FROM AND
INCLUDING JULY 15, 1998 THROUGH AND INCLUDING FEBRUARY 1, 1999
("HOLOGRAPHICS CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU
MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.
(EXCLUDED FROM EACH CLASS ARE THE RELEASED PARTIES, MEMBERS
OF THE IMMEDIATE FAMILY (PARENTS, SPOUSES, SIBLINGS, AND
CHILDREN) OF EACH OF THE RELEASED PARTIES, ANY ENTITY (EXCEPT
BAY HARBOUR MANAGEMENT L.C. OR ANY INVESTMENT FUNDS
MANAGED BY BAY HARBOUR) IN WHICH ANY RELEASED PARTY IS
AFFILIATED (AS THAT TERM IS DEFINED IN RULE 12B-2 PROMULGATED BY
THE SECURITIES EXCHANGE ACT OF 1934, AS AMENDED) AND THE LEGAL
REPRESENTATIVES, HEIRS, SUCCESSORS, PREDECESSORS IN INTEREST OR
ASSIGNS OF ANY RELEASED PARTY.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS
FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY
PRE-PAID, FIRST CLASS MAIL, POSTMARKED NO LATER THAN JANUARY 30,
2001 TO THE FOLLOWING ADDRESS:

In re ABN and Holographics Securities Litigations
c/o Gilardi & Co., LLC
Claims Administrator
Post Office Box 990
Corte Madera, CA 94976-0990

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JANUARY 30, 2001 WILL SUBJECT
YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY OR
SECURITIES IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO
NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES
OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN
SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.    I did ___, I did not ___ (check one) purchase the common stock of American

Banknote Corporation ("ABN") between May 2, 1996 and January 25, 1999, inclusive.

2.    I did ___, I did not ___ (check one) purchase the common stock of American

Bank Note Holographics, Inc. ("Holographics") between July 15, 1998 and February 1, 1999,

inclusive.

3.    By submitting this Proof of Claim, I state that I believe in good faith that I am a

Class Member as defined above and in the Notice Of Pendency Of Class Actions, Hearings On

Proposed Settlement And Attorneys' Fee Petition And Right To Share In Settlement Fund (the

"Notice"), or am acting for such person; that I am not a Defendant in the Actions or anyone

excluded from the Classes; that I have read and understand the Notice; that I believe that I am

entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed

Settlement described in the Notice; and that I have not filed a request for exclusion.

4.    I have set forth where requested below all relevant information with respect to

each purchase of ABN or Holographics common stock during the Class Periods, and each sale, if

any, of such securities.

5.     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of ABN or Holographics common stock listed below in support of my claim. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.

6.     I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

7.     Upon the occurrence of the Effective Date (as defined in the Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns, of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.     <u>Statement of Claim</u>

Name(s) of Beneficial Owner(s):

_____

Name

_____

Name

_____

Street No.

_____        _____     _____

City                         State       Zip Code

(    ) _____     (    ) _____
Telephone No. (Day)        Telephone No. (Night)

_____

Taxpayer I.D. No. or Social Security No.

Check one:
___ Individual        ___ Corporation
___ Estate
___ Other _____(specify)

_____

Record Owner's Name (if different from Beneficial
Owner listed above)

9.     At the close of business on May 1, 1996, I owned _____ shares of American Banknote Corporation ("ABN") common stock.

10.     I made the following purchases of ABN common stock between May 2, 1996 and January 25, 1999, inclusive. (Persons who received ABN common stock during the ABN Class Period other than by purchase are not eligible to file claims for those transactions.)

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of ABN Common Stock Purchased | Purchase Price Per Share of ABN Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

11.     I made the following sales of ABN common stock between May 2, 1996 and January 25, 1999, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of ABN Common Stock Sold | Sale Price Per Share of ABN Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

12.     At the close of business on January 25, 1999, I still owned _____ shares of ABN common stock.

13.    I made the following purchases of American Bank Note Holographics, Inc.

("Holographics") common stock between July 15, 1998 and February 1, 1999, inclusive.

(Persons who received Holographics common stock during the Holographics Class Period other

than by purchase are not eligible to file claims for those transactions.)

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Holographics Common Stock Purchased | Purchase Price Per Share of Holographics Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

14.    I made the following sales of Holographics common stock between July 15, 1998

and February 1, 1999, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Holographics Common Stock Sold | Sale Price Per Share of Holographics Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | $ _____ | $ _____ |

15.    At the close of business on February 1, 1999, I still owned _____ shares of

Holographics common stock.

16.  Substitute Form W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____

Social Security Number (for individuals) or

_____

Employer Identification Number
(for estates, trusts, corporations, etc.)

17.  Certification

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each  must sign)

_____

(Signature)

_____

(Signature)

Date:  _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN JANUARY 30, 2001, AND MUST BE MAILED TO:

> In re ABN and Holographics Securities Litigations
> c/o Gilardi & Co. LLC
> Claims Administrator
> Post Office Box 990
> Corte Madera, CA 94976-0990

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by January 30, 2001, and if a postmark is indicated on the envelope and it is mailed first class postage prepaid, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims Administrator then you should send it by certified mail, return receipt requested. No acknowledgment will be made as to the receipt of claim forms. You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

# EXHIBIT 3
## TO EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- x
IN RE AMERICAN BANK NOTE                  :   99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES             :
LITIGATION                                :
                                          :
-------------------------------------------------------------- x
IN RE AMERICAN BANKNOTE CORPORATION :         99 Civ. 0661 (CM)
SECURITIES LITIGATION                     :
                                          :
-------------------------------------------------------------- x
This Document Relates To:                 :
ALL CONSOLIDATED ACTIONS                  :
                                          :
-------------------------------------------------------------- x
```

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED SETTLEMENT AND SETTLEMENT HEARINGS

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF AMERICAN BANK NOTE HOLOGRAPHICS, INC. ("HOLOGRAPHICS") DURING THE PERIOD JULY 15, 1998 THROUGH FEBRUARY 1, 1999 (THE "HOLOGRAPHICS CLASS"); AND

ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF AMERICAN BANKNOTE CORPORATION ("ABN") DURING THE PERIOD FROM AND INCLUDING MAY 2, 1996 THROUGH JANUARY 25, 1999 (THE "ABN CLASS")

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned actions have been certified as class actions and that a settlement for $14,850,000, plus common stock and warrants to purchase common stock of ABN and common stock and warrants to purchase common stock of Holographics, has been proposed. Hearings will be held before the Honorable Colleen McMahon in the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, at 9:30 a.m., on December 15, 2000 to determine whether the proposed settlement and

plan of allocation should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

IF YOU ARE A MEMBER OF EITHER OF THE CLASSES DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Actions, Hearings on Proposed Settlement and Attorneys' Fee Petition, and Right to Share in Settlement Fund and a Proof of Claim form, you may obtain copies of these documents by identifying yourself as a member of the Class and by calling or writing to:

> In re ABN and Holographics Securities Litigations
> c/o Gilardi & Co. LLC
> Claims Administrator
> Post Office Box 990
> Corte Madera, CA 94976-0990
> (415) 461-0410

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Holographics Plaintiffs' Co-Lead Counsel:

| | | |
|---|---|---|
| Vincent R. Cappucci, Esq. | Arianna J. Tadler, Esq. | Stephen D. Oestreich, Esq. |
| Entwistle & Cappucci LLP | Milberg Weiss Bershad | Wolf Popper LLP |
| 400 Park Avenue | Hynes & Lerach LLP | 845 Third Avenue |
| New York, NY 10022 | One Pennsylvania Plaza | New York, NY 10022 |
| (212) 894-7200 | New York, NY 10119-0165 | (212) 759-4600 |
| | (212) 594-5300 | |

or ABN Plaintiffs' Co-Lead Counsel:

| | |
|---|---|
| Stuart D. Wechsler, Esq. | Stanley M. Grossman, Esq. |
| Wechsler Harwood Halebian & Feffer LLP | Pomerantz Haudek Block Grossman & Gross LLP |
| 488 Madison Avenue | 100 Park Avenue, 26th Floor |
| New York, NY 10022 | New York, NY 10017 |
| (212) 935-7400 | (212) 661-1100 |

To participate in the Settlement, you must submit a Proof of Claim no later than January 30, 2001. To exclude yourself from either Class you must submit a request for exclusion postmarked no later than December 8, 2000. IF YOU ARE A CLASS MEMBER AND DO NOT EXCLUDE YOURSELF OR DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU WILL BE BOUND BY THE FINAL ORDER AND JUDGMENT OF THE COURT.

Further information may be obtained by directing your inquiry in writing to the Claims Administrator.

By Order of The Court

## EXHIBIT B-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------  x
IN RE AMERICAN BANK NOTE                           :  99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES                      :
LITIGATION                                         :
                                                   :
---------------------------------------------------------  x
IN RE AMERICAN BANKNOTE CORPORATION :  99 Civ. 0661 (CM)
SECURITIES LITIGATION                              :
                                                   :
---------------------------------------------------------  x
This Document Relates To:                          :
All American Banknote Actions in 99 Civ. 0661      :
---------------------------------------------------------  x
```

## [PROPOSED] ORDER AND FINAL JUDGMENT WITH RESPECT TO
## AMERICAN BANKNOTE CORPORATION SECURITIES LITIGATION

On the _____ day of _____, 2000, a hearing having been held before this

Court to determine: (1) whether the terms and conditions of the Global Stipulation and

Agreement of Settlement dated October ___, 2000 (the "Stipulation") are fair, reasonable and

adequate for the settlement of all claims asserted by the ABN Class against the ABN Defendants

in the ABN Complaint now pending in this Court under the above caption, including the release

of the ABN Defendants and the Released ABN Parties, and should be approved; (2) whether

judgment should be entered dismissing the ABN Complaint on the merits and with prejudice in

favor of the ABN Defendants only and as against all persons or entities who are members of the

ABN Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan

of Allocation as a fair and reasonable method to allocate the settlement proceeds among the

members of the ABN Class; and (4) whether and in what amount to award Plaintiffs' Counsel

attorneys' fees and reimbursement of expenses. The Court having considered all matters

submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing

substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock of American Banknote Corporation ("ABN") during the period May 2, 1996 through January 25, 1999 (the "ABN Class Period"), except those persons or entities excluded from the definition of the ABN Class, as shown by the records of ABN's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The New York Times pursuant to the specifications of the Court; and the Court having separately considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested such fees and expenses having been provided for by a separate Order; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the ABN Action, the Plaintiffs, all ABN Class Members, and the ABN Defendants.

2.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of ABN Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the ABN Class; (c) the claims of the ABN Class Representatives are typical of the claims of the ABN Class they seek to represent; (d) the ABN Class Representatives have and will fairly and adequately represent the interests of the ABN Class; (e) the questions of law and fact common to the members of the ABN Class predominate over any questions affecting only

individual members of the ABN Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased the common stock of ABN during the period from and including May 2, 1996 through and including January 25, 1999. Excluded from the ABN Class are the Released Parties, members of the immediate (parents, spouses, siblings, and children) family of each of the Released Parties, any entity (except Bay Harbour Management L.C. or any investment funds managed by Bay Harbour) in which any Released Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Party. Also excluded from the ABN Class are the persons and/or entities who requested exclusion from the ABN Class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of the ABN Action as a class action and of the proposed Settlement was given to all ABN Class Members who could be identified with reasonable effort. The form and method of notifying the ABN Class of the pendency of the ABN Action as a class action and of the Settlement and its terms and conditions met the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Stipulation is approved as fair, reasonable and adequate, and the ABN Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

6.      The ABN Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the ABN Defendants.

7.      Members of the ABN Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, all claims, known and unknown, whether direct or derivative, that Plaintiffs in the ABN Action and members of the class in the ABN Action have and may have against any of the Released ABN Parties (as defined in the Stipulation) and any insurer of any Released ABN Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of the common stock of ABN during the ABN Class Period, or in any way connected with (1) any acts or omissions or failure to act during the ABN Class Period which are or could have been  alleged or referred to in the ABN Action, or (2) the adequacy of disclosure or the filing of or failure to file with the Securities and Exchange Commission or any other governmental agency at any time during the ABN Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the ABN Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act occurring during the ABN Class Period, concerning, in each case, any

common stock of ABN or the business operations, transactions, financial operations or condition or operational or financial prospects of ABN (the "Settled ABN Claims") against Defendants American Banknote Corporation ("ABN"), Morris Weissman, John T. Gorman, Patrick J. Gentile and against Deloitte & Touche LLP ("Deloitte") and their current and former parents, affiliates, subsidiaries, related entities, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees, shareholders, partners, principals, members, spouses, heirs, estate executors, attorneys and members of their immediate families (collectively, the "Released ABN Defendants") and all persons, other than the Released ABN Defendants, who were directors and/or officers of ABN at any time during the period from and including May 2, 1996 through and including January 25, 1999 (collectively, the "Released ABN Directors and Officers") (the Released ABN Defendants and the Released ABN Directors and Officers are collectively referred to as the "Released ABN Parties"). The Settled ABN Claims are hereby compromised, settled, released, discharged and dismissed as against the Released ABN Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment With Respect To American Bank Note Corporation Securities Litigation.

8. The ABN Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the Plaintiffs, ABN Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment With Respect To American Bank Note Corporation.

9.    The Court hereby permanently bars and enjoins any other person or entity who may be or could have been jointly or severally liable to Plaintiffs and/or the ABN Class from asserting in this Court, or in any other federal court, or in any state court or other judicial, administrative or arbitral proceeding, any action or claim arising out of, based upon or related to any of the allegations in the ABN Complaint or any other pleadings filed in the ABN Action, (including but not limited to, any claim for breach of contract, breach of duty, contribution or equitable indemnity or contractual contribution, express or implied, by which such person or entity attempts to recover losses arising out of or relating in any way to the facts alleged underlying the claims made by Plaintiffs on behalf of themselves or any member of the ABN Class) whether known or unknown, and whether derivative or direct or which could have been asserted against any of the ABN Defendants, National Union or the Released ABN Parties. Any claims that Deloitte may have against the other Released Parties relating in any way to the alleged facts underlying the claims asserted in the ABN and Holographics Actions including, but not limited to, all claims that Deloitte sought to assert as crossclaims in the Holographics Action, or which it could have sought to assert as crossclaims in the Holographics Action and any claims that any of the other Released Parties may have against Deloitte relating to the claims asserted in the ABN and Holographics Actions are hereby released and discharged.

10.    Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)  offered or received against the ABN Defendants or against the Plaintiffs or the ABN Class as evidence of or construed as or deemed to be evidence of any

presumption, concession, or admission by any of the ABN Defendants or by any of the Plaintiffs or the ABN Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the ABN Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the ABN Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of ABN Defendants;

(b) offered or received against the ABN Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any ABN Defendant, or against the Plaintiffs and the ABN Class as evidence of any infirmity in the claims of Plaintiffs and the ABN Class;

(c) offered or received against the ABN Defendants or against the Plaintiffs or the ABN Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that ABN Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the ABN Defendants or the Plaintiffs and the ABN Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the ABN Class or any of them that any of their claims are

without merit or that damages recoverable under the ABN Complaint would not have exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    An award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel shall be made in accordance with paragraph 13 of the Court's Order and Final Judgment With Respect To American Bank Note Holographics Securities Litigation (99 Civ. 0412) (CM).

14.    Exclusive jurisdiction is hereby retained over the parties and the ABN Class Members for all matters relating to the ABN Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment With Respect To American Bank Note Corporation, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the ABN Class.

15.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment With Respect To American Bank Note Corporation and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.


Dated:      White Plains, New York
            _____, 2000

                          _____
                          UNITED STATES DISTRICT JUDGE

## EXHIBIT B-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  x
IN RE AMERICAN BANK NOTE                         :   99 Civ. 0412 (CM)
HOLOGRAPHICS, INC. SECURITIES                    :
LITIGATION                                       :
------------------------------------------------------------  x
IN RE AMERICAN BANKNOTE CORPORATION  :   99 Civ. 0661 (CM)
SECURITIES LITIGATION                            :
------------------------------------------------------------  x
This Document Relates To:                         :
All Holographics Actions in 99 Civ. 0412          :
------------------------------------------------------------  x
```

## [PROPOSED] ORDER AND FINAL JUDGMENT WITH RESPECT TO AMERICAN BANK NOTE HOLOGRAPHICS, INC. SECURITIES LITIGATION

On the _____ day of _____, 2000, a hearing having been held before this

Court to determine: (1) whether the terms and conditions of the Global Stipulation and

Agreement of Settlement dated October ___, 2000 (the "Stipulation") are fair, reasonable and

adequate for the settlement of all claims asserted by the Holographics Class against the

Holographics Defendants in the Holographics Complaint now pending in this Court under the

above caption, including the release of the Holographics Defendants and the Released

Holographics Parties, and should be approved; (2) whether judgment should be entered

dismissing the Holographics Complaint on the merits and with prejudice in favor of the

Holographics Defendants only and as against all persons or entities who are members of the

Holographics Class herein who have not requested exclusion therefrom; (3) whether to approve

the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among

the members of the Holographics Class; and (4) whether and in what amount to award Plaintiffs'

Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock of American Bank Note Holographics, Inc. ("Holographics") during the period July 15, 1998 through February 1, 1999 (the "Holographics Class Period"), except those persons or entities excluded from the definition of the Holographics Class, as shown by the records of Holographics' transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The New York Times pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Holographics Action, the Plaintiffs, all Holographics Class Members, and the Holographics Defendants.

2.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Holographics Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Holographics Class; (c) the claims of the Holographics Class Representatives are typical of the claims of the Holographics Class they seek to represent; (d) the Holographics Class Representatives have and will fairly and adequately represent the interests of the Holographics Class; (e) the questions of law and fact common to the members of the

Holographics Class predominate over any questions affecting only individual members of the Holographics Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased the common stock of Holographics during the period from and including July 15, 1998 through and including February 1, 1999. Excluded from the Holographics Class are the Released Holographics Parties, members of the immediate (parents, spouses, siblings, and children) family of each of the Released Holographics Parties, any entity in which any Released Holographics Party is affiliated (as that term is defined in Rule 12b-2 promulgated by the Securities Exchange Act of 1934, as amended) and the legal representatives, heirs, successors, predecessors in interest or assigns of any Released Holographics Party. Also excluded from the Holographics Class are the persons and/or entities who requested exclusion from the Holographics Class as listed on Exhibit A annexed hereto.

4.    Notice of the pendency of the Holographics Action as a class action and of the proposed Settlement was given to all Holographics Class Members who could be identified with reasonable effort. The form and method of notifying the Holographics Class of the pendency of the Holographics Action as a class action and of the Settlement and its terms and conditions met the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Stipulation is approved as fair, reasonable and adequate, and the Holographics Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

6.      The Holographics Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Holographics Defendants.

7.      Members of the Holographics Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, all claims, known and unknown, whether direct or derivative, that Plaintiffs in the Holographics Action and members of the class in the Holographics Action have and may have against any of the Released Parties (as defined in the Stipulation) and any insurer of any Released Party by reason of or in any way related to the purchase, acquisition, ownership, holding or sale of the common stock of Holographics during the Holographics Class Period, or in any way connected with (1) any acts or omissions or failure to act during the Holographics Class Period which are or could have been alleged or referred to in the Holographics Action, or (2) the adequacy of disclosure or the filing of or failure to file with the Securities and Exchange Commission or any other governmental agency at any time during the Holographics Class Period, or the adequacy of disclosure or the dissemination of or failure to disseminate at any time during the Holographics Class Period, any reports, representations, announcements or other statements, or any other act or omission or failure to act

occurring during the Holographics Class Period, concerning, in each case, any common stock of Holographics or the business operations, transactions, financial operations or condition or operational or financial prospects of Holographics (the "Settled Holographics Claims") against Defendants American Bank Note Holographics, Inc. ("Holographics"), American Banknote Corporation ("ABN"), Morris Weissman, Joshua C. Cantor, Richard P. Macchiarulo, NationsBanc Montgomery Securities LLC, Lazard Freres & Co. LLC, Raymond James & Associates, Inc., Salomon Smith Barney Holdings Inc., John T. Gorman, Patrick J. Gentile and Deloitte & Touche LLP ("Deloitte"), and their current and former parents, affiliates, related entities, subsidiaries, divisions, predecessors, successors and assigns, and its or their current and former officers, directors, employees, partners, principals, members, shareholders, spouses, heirs, estate executors, attorneys and members of their immediate families (collectively, the "Released Defendants") and all persons, other than the Released Defendants, who were directors and/or officers of Holographics or ABN at any time during the period from and including July 15, 1998 through and including February 1, 1999 (collectively, the "Released Holographics Directors and Officers") (the Released Defendants and the Released Holographics Directors and Officers are collectively referred to as the "Released Holographics Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Holographics Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment With Respect To American Bank Note Holographics, Inc., Securities Litigation.

8. The Holographics Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims (as defined in the

Stipulation) against any of the Plaintiffs, Holographics Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment With Respect To American Bank Note Holographics, Inc.

9.     The Court hereby permanently bars and enjoins any other person or entity who may be or could have been jointly or severally liable to Plaintiffs and/or the Holographics Class Members from asserting in this Court, or in any other federal court, or in any state court or other judicial, administrative or arbitral proceeding, any action or claim arising out of, based upon or related to any of the allegations in the Holographics Complaint or any other pleadings filed in the Holographics Action, (including, but not limited to, any claim for breach of contract, breach of duty, contribution or equitable indemnity or contractual contribution, express or implied, by which such person or entity attempts to recover losses arising out of or relating in any way to the facts alleged underlying the claims made by Plaintiffs on behalf of themselves or any member of the Holographics Class) whether known or unknown, and whether derivative or direct or which could have been asserted against any of the Holographics Defendants, their insurers or the Released Holographics Parties. Any claims that Deloitte may have against the other Released Parties relating in any way to the alleged facts underlying the claims asserted in the ABN and Holographics Actions including, but not limited to, all claims that Deloitte sought to assert as crossclaims in the Holographics Action, or which it could have sought to assert as crossclaims in the Holographics Action, and any claims that any of the other Released Parties may have against Deloitte relating to the claims asserted in the ABN and Holographics Actions are hereby released and discharged.

10.  Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)  offered or received against the Holographics Defendants or against the Plaintiffs or the Holographics Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Holographics Defendants or by any of the Plaintiffs or the Holographics Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Holographics Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Holographics Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Holographics Defendants;

(b)  offered or received against the Holographics Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Holographics Defendant, or against the Plaintiffs and the Holographics Class as evidence of any infirmity in the claims of Plaintiffs and the Holographics Class;

(c)  offered or received against the Holographics Defendants or against the Plaintiffs or the Holographics Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Stipulation; provided, however, that Holographics Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Holographics Defendants or the Plaintiffs and the Holographics Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Holographics Class or any of them that any of their claims are without merit or that damages recoverable under the Holographics Complaint would not have exceeded the Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel in the ABN Action and the Holographics Action are jointly hereby awarded _____ % of the Gross Settlement Fund and the Settlement Securities as and for their fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the cash Settlement Fund with interest from the date such cash Settlement Fund was funded to the date of payment at the same net rate that the cash Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of

Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective

contributions in the prosecution of the Actions.

14.     Exclusive jurisdiction is hereby retained over the parties and the

Holographics Class Members for all matters relating to the Holographics Action, including the

administration, interpretation, effectuation or enforcement of the Stipulation and this Order and

Final Judgment With Respect To American Bank Note Holographics, Inc., and including any

application for fees and expenses incurred in connection with administering and distributing the

settlement proceeds to the members of the Holographics Class.

15.     Without further order of the Court, the parties may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final

Judgment With Respect To American Bank Note Holographics, Inc. and immediate entry by the

Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil

Procedure.

Dated:      White Plains, New York
            _____, 2000


                                    _____
                                    UNITED STATES DISTRICT JUDGE